**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000464**
**08-APR-2021**
**07:59 AM**
**Dkt. 59 OP**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---o0o---

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
RICHARD JOSE TORRES, Defendant-Appellant

NO. CAAP-20-0000464

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 1CPC-18-0001532)

APRIL 8, 2021

LEONARD, PRESIDING JUDGE, HIRAOKA AND WADSWORTH, JJ.

OPINION OF THE COURT BY LEONARD, J.

This appeal arises out of a defendant's pretrial detention and commitment to the custody of the Director of the State of Hawaiʻi (**State**) Department of Health (**Director of Health**). As discussed herein, we hold that pursuant to the applicable statute, a criminal defendant who has been ordered to be detained pretrial in the custody of the Director of Health, in

an institution for detention, assessment, care, and treatment, shall receive credit for the time of detention in such institution, as well as receive any other statutory credit due for time served in a correctional institution.

Defendant-Appellant Richard Jose Torres (**Torres**) appeals from the May 27, 2020 Judgment of Conviction and Sentence as to Count 1 (**Judgment**), and challenges the July 9, 2020 Findings of Fact [(**FOFs**)] and Conclusions of Law [(**COLs**)] and Order Denying Defendant's Motion for Correction of Illegal Sentence, for Reduction of Sentence, for a New Trial, or Alternatively, to Dismiss Felony Information as De Minimis (**Order Denying Relief**) entered against him by the Circuit Court of the First Circuit (**Circuit Court**).[1]

I.    BACKGROUND

On January 10, 2018, Defendant-Appellant Torres was arrested at Kūhiō Beach Park in the City and County of Honolulu on suspicion of Promoting a Dangerous Drug in the Third Degree and Park Closure.  Torres was held for two days and then released pending investigation by the Honolulu Police Department.

On September 25, 2018, the State filed a Felony Information and Non-Felony Complaint (**Complaint**) charging Torres with Promoting a Dangerous Drug in the Third Degree, in violation of Hawaii Revised Statutes (**HRS**) § 712-1243 (2014), and Park

---

[1]    The Honorable Paul B.K. Wong presided.

Closure, in violation of Revised Ordinances of Honolulu § 10-1.2(a)(12) (2017).  Upon a finding of probable cause and issuance of a bench warrant, Torres was arrested on September 27, 2018.  Bail was set at $11,000 and Torres never posted bail.

On January 3, 2019, while Torres was detained and awaiting trial at the Oahu Community Correctional Center (**OCCC**), on motion of defense counsel, the Circuit Court ordered an examination of Torres's fitness to proceed to trial.  On March 18, 2019, the Circuit Court found Torres unfit to proceed and suspended these criminal proceedings until further court order. The Judicial Determination of Unfitness to Proceed, Suspension of Proceedings and Order of Commitment to the Custody of the Director of Health (**Unfitness Order**), states, *inter alia*:

> A.    The proceedings against [Torres] are suspended until further order of the Court.
>
> B.    During suspension of the proceedings:
>
> 1)    [Torres] is committed to the custody of the Director of Health to be placed at the **Hawaii State Hospital or an appropriate institution for detention, care, and treatment** for so long as such unfitness shall endure.
>
> 2)    [Torres's] commitment shall take effect upon the filing of this Order.
>
> 3)    The person having present custody of [Torres], or if [Torres] is not in custody, then counsel for [Torres], shall forthwith make arrangements for such commitment. . . .
>
> . . . .
>
> C.    **[Torres] shall not be authorized to leave the institution** in which he is placed without prior Court order.

(Emphasis added).

Following a series of fitness hearings and submissions by the court-appointed examiners, on December 11, 2019, the Circuit Court found Torres fit to proceed to trial and entered a Judicial Determination of Fitness to Proceed and Order (**Fitness Order**). In the Fitness Order, the court confirmed Torres's pretrial status of incarceration at OCCC with bail set at $11,000.

A bench trial was conducted on February 20, 2020. The Circuit Court found Torres guilty of Promoting a Dangerous Drug in the Third Degree and not guilty of Park Closure. The court entered a Judgment of Acquittal as to the Park Closure charge and requested a pre-sentencing investigation and report (**PSI**), which was submitted on May 14, 2020.

At sentencing on May 27, 2020, the Circuit Court heard arguments from the prosecution, defense, and Torres himself. In response to the court's inquiry as to whether the defense had any "additions or corrections" to the PSI, counsel raised the issue of pretrial credit for time served, noting deficient and/or a lack of certifications as to Torres's time in the custody of the Director of Health, as well as Torres's time detained at OCCC between his arrest and commitment to the Director of Health. The Circuit Court engaged in the following discussion with defense counsel regarding the period for which Torres was to receive credit for time served:

THE COURT: . . . Mr. Torres was held in custody from that September 27, 2018 date.

MR. BETTENCOURT: Right.

THE COURT: Bail was set. He obviously was not able to post bail.

He came in for arraignment on this case on October 4th, 2018. He came into arraignment for both cases at this time and remained in custody with the Department of Public Safety until March 18, 2019, at which point the Circuit Court found Mr. Torres unfit to proceed and committed him to the custody of the Director of the Department of Health. And as Mr. Torres indicated, he eventually found himself in Kahi Mohala.

THE DEFENDANT: Right.

THE COURT: He remained in the custody of the Department of Health all the way up until December 11th of 2019, when he was found fit to proceed. The cases were reinstated and he was transferred back into the custody of the Department of Public Safety.

**So Mr. Torres should have received credit from September 27, 2018 when the bench warrant was served up until March 18th, 2019 when he was found unfit to proceed. He should have also began receiving credit when the case was reinstated on December 11th, 2019, when the case was reset for trial, all the way up until today. That should be the proper accounting of credit for Mr. Torres.**

. . . .

MR. BETTENCOURT: Well, we object on constitutional grounds. There's no excuse for excluding the time in which he was in custody. If he had walked away from Kahi Mohala, he could have been charged with escape, because he was in custody.

. . . .

MR: BETTENCOURT: Because if he's in custody for purposes of escape, he's in purpose -- in custody for purposes of being in -- confined.

THE COURT: Well, at minimum the dates that the court has indicated should be calculated for credit.

MR BETTENCOURT: Right.

THE COURT: **Subject to any additional finding that the time that he was in the custody of the Department of Health may also be included as credit.** I'll leave that for smarter judges to decide. But at the very minimum, by this court's calculation, Mr. Torres should have at least on the order of 11 to 12 months of credit.

. . . .

> THE COURT: . . . and as Mr. Bettencourt indicated, depending on the constitutional analysis for the time with Department of Health, that might even be increased. But at a very minimum, those are the numbers --
>
> MR. BETTENCOURT: I don't know of any statutory provision that excludes that time.
>
> THE COURT: I suppose it would be the definition of custody, right?
>
> But other than the dispute on the actual amount of of credit, Mr. Bettencourt.
>
> MR. BETTENCOURT: Yeah.

(Emphasis added).

The Circuit Court sentenced Torres to serve an indeterminate term of three years imprisonment with credit for time served, referencing "the minimum of which the court has already outlined at the beginning of this sentencing hearing."[2] The following exchange ensued:

> THE DEFENDANT: . . . you're gonna give me for 20 months' credit already.
>
> THE COURT: You will get at least the 11 to 12 months.
>
> THE DEFENDANT: What? How come you're not gonna give -- credit me for the time in Kahi Mohala.
>
> THE COURT: **I don't know if the statute allows that. If the statute allows and you're eligible for that credit, you will get it. I just don't know -- I'm not saying that you don't get it.**
>
> THE DEFENDANT: Yeah.
>
> THE COURT: I just don't know if you get that credit.
>
> THE DEFENDANT: When do you think I'm gonna find out?

---

[2] The court also ordered Torres to pay a $500 fine and $105 Crime Victim Compensation (**CVC**) fee. Although Torres does not challenge the CVC fee on appeal, it appears that the court plainly erred in imposing the fee despite its finding that "[a]ll other fees and costs are waived for inability to pay." See State v. Pulgados, 148 Hawaiʻi 361, 370, 477 P.3d 155, 164 (App. 2020) ("If it is determined that the defendant is unable to pay the CVC fee, then the sentencing court must waive the imposition of the CVC fee as stated in HRS § 351-62(a), as well as HRS § 706-605(6).").

MR. BETTENCOURT: We may have to file a motion on that and raise it that way.

THE COURT: But for all the time that you were in at O.C.C.C., you get credit. There's no doubt about that in my mind.

THE DEFENDANT: Uh-huh.

THE COURT: I'm not sure about the time in Kahi Mohala.

. . . .

THE DEFENDANT: . . . So I still might have about -- about a year and a half more to go.

THE COURT: Something like -- it might -- it depends on what the Parole Board sets.

THE DEFENDANT: Yeah, but, you know, I -- yeah, I did the nine months. I did all the programs there.

THE COURT: Well, they may have you do it again. And I don't know exactly what the Paroling Board is gonna require.

(Emphasis added).

The Judgment reflects the three-year term and that Torres was "to receive credit for time served," but it does not specify whether that credit was to include Torres's commitment to the custody of the Director of Health.

On June 15, 2020, pursuant to Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 35(a), Torres filed a Motion for Correction of Illegal Sentence, for Reduction of Sentence, for a New Trial, or Alternatively, to Dismiss Felony Information as *De Minimis* (**HRPP Rule 35 Motion**), arguing, *inter alia*, that the court failed to properly apply the statutes governing credit for time served. The HRPP Rule 35 Motion requested, *inter alia*:

1. An Order of Resentencing, after requiring the Department of Public Safety to comply with H.R.S. § 706-671(1) by providing this Court with a documentation of all of time that Defendant TORRES was

> detained prior to sentencing in a "State or local correctional or other institution" prior to sentencing;
>
> 2. An Order of Resentencing pursuant to H.R.P.P. Rule 35(a), after performing its judicial function of interpreting and applying the statutory provisions of H.R.S. § 706-671(1) as statutorily including the Hawaiʻi State Hospital and Kahi Mohala under the phrase "State or local correctional *or other institution*", and such legal application is both required and authorized by this Court's inherent judicial power that cannot be delegated to any executive agency[.]

Torres argued that "the complete absence of any statute or legislative history authorizing a limitation of the expansive and differential language requires this Court to grant the presentence credit sought, despite the failure of the Director [of] DPS to perform his statutory duty." Torres maintained that his sentence was "statutorily and constitutionally deficient due to the failure of [the Circuit Court] to interpret and effectuate the legislative intent behind [HRS §§] 704-406 and 706-671."

On June 23, 2020, the court heard arguments on the HRPP Rule 35 Motion and determined that time spent in the custody of the Director of Health is ineligible for credit. The Order Denying Relief, entered on July 9, 2020, includes the following COLs concerning Torres's pretrial detention credit:

> 2. Under [HRS] § 706-671(1), the phrase "When a Defendant who is sentenced to imprisonment has previously been detained in any State or local correctional or other institution...." does not include an institution under the authority of the Director of Health. Therefore, a Defendant should not receive credit for time served while in the Custody of the Director of Health.
>
> 3. The commentary to HRS § 706-671 clearly specifies that time spent in incarceration before sentence be credited; as previously mentioned, incarceration does not include time spent with the Director of Health.

4.    As a result, the interpretation of the term
      incarceration is also at issue.

5.    The supplemental commentary is even clearer stating
      that a convicted person shall receive credit for any
      time served in any state or local correctional
      facility.  Here, given the language of the statute and
      the commentary, it is this Court's interpretation that
      any time spent with the Director of Health is not
      included as time in a local correctional facility.
      *See* HRS § 706-671 cmt.

Torres timely filed a notice of appeal.

## II.    POINTS OF ERROR

Torres raises two points of error on appeal, contending that:  (1) the Circuit Court failed to properly construe the statutory language concerning pretrial detention credit, and imposed non-statutory constraints on the provisions of HRS § 706-671(1) that conflict with the remedial intent of the Hawaiʻi Penal Code and violates Torres's constitutional rights to due process, equal protection, and freedom from double punishment; and (2) there is no evidence in the record to support the Circuit Court's FOFs and/or COLs that Torres's involuntary detention by the Director of Health pursuant to the Unfitness Order, at the secured facilities of Kahi Mohala, was not substantially the same custody as pretrial detention in the custody of the Department of Public Safety (**DPS**).

## III. APPLICABLE STANDARD OF REVIEW

The Circuit Court's COLs, including with regard to questions of statutory interpretation and constitutional law, are reviewed *de novo*, under the right/wrong standard.  See Haw. Nat'l Bank v. Cook, 100 Hawaiʻi 2, 7, 58 P.3d 60, 65 (2002); State v.

Rauch, 94 Hawaiʻi 315, 323, 13 P.3d 324, 332 (2000). "[T]he right/wrong standard . . . allows the appellate court to examine the facts and answer the question without being required to give any weight to the trial court's answer to it." State v. Russo, 141 Hawaiʻi 181, 189, 407 P.3d 137, 145 (2017) (citation and internal quotation marks omitted). "A conclusion of law that is supported by the trial court's findings of fact and that reflects an application of the correct rule of law will not be overturned." Dan v. State, 76 Hawaiʻi 423, 428, 879 P.2d 528, 533 (1994) (citation and internal quotation marks omitted).

IV. DISCUSSION

Torres contends, and the State agrees, that the Circuit Court erred in (1) failing to give Torres credit for the time he was detained in the custody of the Director of Health, and (2) failing to obtain a complete certification of the length of Torres's detention(s), prior to sentence, from the officer(s) that had custody of Torres.

HRS § 706-671(1) (2014) provides, in relevant part:

**§ 706-671 Credit for time of detention to sentence; credit for imprisonment under earlier sentence for same crime.** (1) When a defendant who is sentenced to imprisonment has previously been **detained in any State or local correctional or other institution** following the defendant's arrest for the crime for which sentence is imposed, such period of detention following the defendant's arrest shall be deducted from the minimum and maximum terms of such sentence. The officer having custody of the defendant shall furnish a certificate to the court at the time of sentence, showing **the length of such detention of the defendant prior to sentence in any State or local correctional or other institution**, and the certificate shall

> be annexed to the official records of the defendant's commitment.

(Emphasis added).

HRS § 704-406 (Supp. 2019) provides, in relevant part:

> **§ 704-406  Effect of finding of unfitness to proceed and regained fitness to proceed.**  (1) If the court determines that the defendant lacks fitness to proceed, the proceeding against the defendant shall be suspended . . . and <u>the court shall commit the defendant to **the custody** of the director of health to be placed in an appropriate **institution for detention**</u>, assessment, care, and treatment[.]

(Emphasis added).

"When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language from the statute itself."  <u>State v. Camara</u>, 81 Hawaiʻi 324, 329, 916 P.2d 1225, 1230 (1996).

> Where there is no ambiguity in the language of a statute, and the literal application of the language would not produce an absurd or unjust result, clearly inconsistent with the purposes and policies of the statute, there is no room for judicial construction and interpretation, and the statute must be given effect according to its plain and obvious meaning.

<u>Tax Found. of Haw. v. State</u>, 144 Hawaiʻi 175, 203, 439 P.3d 127, 155 (2019) (citation and brackets omitted).

Here, the plain language of HRS § 706-671(1) is unambiguous.  When this statute refers to being detained in any state or local "correctional **or other** institution," it is plainly not limited to correctional institutions.  (Emphasis added).  The directive of HRS § 704-406 is equally clear in that, upon a determination of unfitness to proceed, a trial court shall, *inter*

11

*alia*, commit a defendant to the custody of the Director of Health to be placed in "an appropriate **institution for detention**, assessment, care, **and** treatment." (Emphasis added).[3]

"'It is a cardinal rule of statutory construction that courts are bound, if rational and practicable, to give effect to all parts of a statute, and that no clause, sentence, or word shall be construed as superfluous, void, or insignificant if a construction can be legitimately found which will give force to and preserve all the words of the statute.'" Cty. of Kauaʻi v. Hanalei River Holdings Ltd., 139 Hawaiʻi 511, 526, 394 P.3d 741, 756 (2017) (quoting Camara v. Agslud, 67 Haw. 212, 215-16, 685 P.2d 794, 797 (1984)). Although courts may look to a statute's commentaries as interpretive aids, we may not use them to supplant clear statutory language and introduce ambiguity where none clearly appears. See State v. Maelega, 80 Hawaiʻi 172, 178-79, 907 P.2d 758, 764-65 (1995).

Here, the Circuit Court relied on the Commentary to HRS § 706-671 to limit the statute's application to a defendant's time detained in a correctional facility, disregarding the

---

[3] The terms "detained" or "detention" are equally unambiguous. Black's Law Dictionary defines "detention" as "[t]he act or an instance of holding a person in custody; confinement or compulsory delay." Black's Law Dictionary 563 (11th ed. 2019). It is clear that an order of commitment pursuant to HRS § 704-406 includes custodial detention and that the committed defendant is not free to leave the subject institution. Indeed, here, the Circuit Court's Unfitness Order included that Torres "shall not be authorized to leave the institution in which he is placed without prior Court order."

statute's distinct reference to "other" institutions.[4]  This is clearly wrong.

Accordingly, we hold that pursuant to HRS § 706-671(1), a criminal defendant who has been detained pretrial in the custody of the Director of Health, in an institution for detention, assessment, care, and treatment pursuant to HRS § 704-406, shall receive credit for the time of detention in such institution, as well as receive any credit due under HRS § 706-671(1) for time served in a correctional institution.  In this case, the Circuit Court erred in concluding, in the Order Denying Relief, that Torres shall not receive credit for time he was detained in the custody of the Director of Health pursuant to the Unfitness Order.

In addition, with respect to the process for determination of credit for time served, HRS § 706-671(1) requires that:

> The officer having custody of the defendant **shall furnish a certificate to the court at the time of sentence**, showing **the length of such detention of the defendant prior to**

---

[4]      While the Commentary relied on by the Circuit Court speaks in terms of "time spent in incarceration before sentence," it does so in order to point out that the statute is intended to provide "some equalization" between defendants who obtain pre-sentence release and those who do not.  HRS § 706-671 cmt. (2014).  It does not address the issue at bar.

Similarly, the guidance provided by the Supplemental Commentary relied on by the Circuit Court is that (a) the statutory credit applies to both minimum and maximum terms, and (b) the 2012 amendment to the statute was intended to clarify that a defendant is not entitled to credit for time served for a subsequent crime. HRS § 706-671 supp. cmt. (2014).  Although the Supplemental Commentary uses the (incomplete) phrase "in any state or local correctional facility" in stating the guidance concerning minimum and maximum terms, it does so while addressing a different issue than the one at bar and not as guidance on whether the statute should be interpreted as limiting its application to detention in correctional facilities.  See id.

> **sentence in any State or local correctional or other institution**, and the certificate shall be annexed to the official records of the defendant's commitment.

(Emphasis added).

Here, it does not appear that either DPS or the Director of Health provided this mandatory certification to the Circuit Court at or prior to sentencing. In addition, in State v. Mason, 79 Hawaiʻi 175, 184, 900 P.2d 172, 181 (App. 1995), this court held that "it is the duty of the sentencing court to determine the amount of credit to be awarded the defendant when presented with a claim for uncredited time." Therefore, on remand, both DPS and the Director of Health must comply with HRS § 706-671(1) *forthwith*, and provide the Circuit Court with a certificate showing the length of Torres's detention, prior to the sentence imposed in this case for his conviction of Promoting a Dangerous Drug in the Third Degree, in their respective "State or local correctional or other institution[s]" in which Torres was detained. Thereafter, the Circuit Court shall determine the amount of credit to be awarded Torres in conjunction with an amended judgment of conviction and sentence as to Count 1 (or other order of resentencing).[5]

In light of the above, we need not address Torres's other arguments.

---

[5] In addition, in the interests of justice and efficiency, the Circuit Court may reconsider its ruling that Torres must pay a CVC fee of $105 notwithstanding its determination that Torres is unable to pay other fees and making no determination that Torres is or will be able to pay the CVC fee. See supra n.2.

V.     CONCLUSION

For these reasons, we vacate in part the May 27, 2020 Judgment, with respect to sentencing only, and vacate the July 9, 2020 Order Denying Relief.  This case is remanded to the Circuit Court for resentencing in accordance with this Opinion.

On the briefs:

David Glenn Bettencourt,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge