STEVEN M. CAMARA, Appellant-Appellee, *v.* JOSHUA C. AGSALUD, Director of the Department of Labor and Industrial Relations, Appellee, and BIG THREE INDUSTRIES, INC., Appellee-Appellant

NO. 9156

(CIVIL NO. 7608)

JUNE 19, 1984

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY WAKATSUKI, J.

The Third Circuit Court reversed the decision of the referee for unemployment compensation appeals by concluding that Employee Steven M. Camara is qualified to receive unemployment insurance benefits. Employer Big Three Industries filed this appeal. We affirm.

I.

The referee's pertinent findings of fact, which are not in dispute, are as follows:

He [Employee Camara] was discharged by the Employer because he was involved in a traffic accident on November 5, 1981. On that day, he crossed a solid line on the highway while trying to pass a slow moving pick-up truck. He could have safely passed the pick-up truck except that the truck proceeded to turn left and thus the two vehicles collided.

The Claimant was traveling at approximately 50 miles per hour on a 55 miles per hour highway. The other vehicle was traveling about 30 miles per hour before the left turn was negotiated.

Other than the solid line, the intersection was not "controlled" by signs or other indicators. The road is an open highway which goes through the rural agricultural area. There was no sign to caution the Claimant to reduce his speed.

Just beyond the point of the impact of the accident, the highway has a broken center line.

The driver of the other vehicle had activated his left turn signal light but he later found that the signal light was inoperative.

The Claimant crossed the solid line because he could see that the stretch of highway before him was clear of oncoming traffic. He was not trying to avoid the accident when he crossed the solid line and he was aware of the solid line.

. . . .

The evidence shows that the Claimant crossed a solid line near an intersection. He was aware of the solid line but he felt that he could safely pass the slow moving pick-up truck. Although the other vehicle was partially at fault because it was traveling so slowly, I find that the Claimant had acted in wilful disregard of the Employer's best interest when he proceeded to cross the solid line. Moreover, the evidence fails to show that the Claimant had crossed the solid line because he was trying to avoid an accident.

(Record On Appeal (ROA), 38-40).

Based on the incident, Employee was discharged from employment. He subsequently applied for unemployment insurance benefits which were denied by the claims officer. Pursuant to Hawaii Revised Statutes (HRS) § 383-38, Employee filed an appeal with the referee who made findings of facts and concluded that Employee had been discharged for misconduct and therefore, disqualified from receiving benefits.

An appeal was filed with the circuit court pursuant to HRS § 383-41. The circuit court reversed, stating that:

[T]he hearing officer specifically found that the Appellant felt that he could safely pass the vehicle in front of him. Such a finding is inconsistent with the determination that the Appellant acted in wilful disregard of the employer's interests. Further, the single isolated driving error by Appellant does not demonstrate a wanton disregard of the employer's interests ab-

sent other evidence of poor driving or other misconduct connected with work.

(ROA, 180).

## II.

· The circuit court, in reviewing the referee's decision, could not disturb the referee's findings of facts unless clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. HRS § 91-14(g)(5). In earlier decisions, this court has used the same clearly erroneous standard to review the conclusions drawn by the administrative agency in applying the facts to the law. *E.g., In re Hawaiian Telephone Co.*, 65 Haw. 293, 651 P.2d 475 (1982); *Jones v. Hawaiian Electric Co.*, 64 Haw. 289, 639 P.2d 1103 (1982); *McGlone v. Inaba*, 64 Haw. 27, 636 P.2d 158 (1981). The earlier decisions by this court seem to indicate that the clearly erroneous standard for review of conclusions of law is mandated by HRS § 91-14(g), but a careful reading of the statute does not support this proposition.[1] If, as the above-cited decisions suggest, all administrative findings, conclusions, decisions, or orders may be reversed only if clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record, paragraphs (1) to (4) and (6) of HRS § 91-14(g) would be mere surplusage. Only paragraph (5) would be meaningful and given operative effect. It is a cardinal rule of statutory construction that courts are bound, if rational and practicable, to give effect to all parts of a statute, and that no clause, sentence, or word shall be construed as superfluous, void, or insignificant if a construction can be legitimately found

---

[1] HRS § 91-14(g) (1976). Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:

(1) In violation of constitutional or statutory provisions; or

(2) In excess of the statutory authority or jurisdiction of the agency; or

(3) Made upon unlawful procedure; or

(4) Affected by other error of law; or

(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

which will give force to and preserve all the words of the statute. *In re Ainoa,* 60 Haw. 487, 490, 591 P.2d 607, 609 (1979); *Lopez v. Board of Trustees, Emp. Ret. Sys.,* 66 Haw 127, 657 P.2d 1040 (1983). To give legal import to all of the paragraphs of HRS § 91-14(g), paragraph (5) should be read as applicable only to a review of administrative fact-finding inasmuch as it is concerned with evidence[2] in the record. Additionally, the "clearly erroneous" standard has long been used in reviewing findings of fact only. *See,* Rule 52(a), Hawaii Rules of Civil Procedure; Davis, *Administrative Law of the Seventies,* §§ 19.00 - 30.10 (1976); Stern, *Review of Findings of Administrators, Judges and Juries: A Comparative Analysis,* 58 Harv. L. Rev. 70 (1944).

We now hold that the circuit courts as well as this court are free to reverse the agency's decision if affected by an error of law. HRS § 91-14(g)(4). However, in deference to the administrative agency's expertise and experience in its particular field, the courts should not substitute their own judgment for that of the administrative agency where mixed questions of fact and law are presented. *See* Stern, *Review of Findings of Administrators, Judges and Juries: A Comparative Analysis,* 58 Harv. L. Rev. 70, 99-103 (1944). This is particularly true where the law to be applied is not a statute but an administrative rule promulgated by the same agency interpreting it. *Talley v. Mathews,* 550 F.2d 911, 919 (4th Cir. 1977); *North Carolina Util. Comm'n v. FCC,* 552 F.2d 1036 (4th Cir.), *cert. den.* 434 U.S. 874 (1977). To be granted deference, however, the agency's decision must be consistent with the legislative purpose. *Morton v. Ruiz,* 415 U.S. 199, 237 (1974); *Pittston Stevedoring Corp. v. Dellaventura,* 544 F.2d 35, 49 (2d Cir. 1976).

### III.

The unemployment compensation statute was enacted for the beneficent and humane purpose of relieving the stress of econmic

---

[2] "Evidence" has been defined as:

*Law.* data presented to a court or jury in proof of the facts in issue .... The Random House College Dictionary 458 (rev. ed. 1980);

and

All the means by which any alleged matter of fact, the truth of which is submitted to investigation is established or disproved .... Black's Law Dictionary 498 (5th ed. 1979).

insecurity due to unemployment. It should therefore be liberally construed to promote the intended legislative policy. *Berkoff v. Hasegawa,* 55 Haw. 22, 27, 514 P.2d 575, 579 (1973); *Bailey's Bakery v. Tax Commissioner,* 38 Haw. 16, 28 (1948); 76 Am. Jur. 2d, *Unemployment Compensation,* § 6 (1975); 81 C.J.S., *Social Security and Public Welfare,* § 147 (1977). In view of the basic policy of the statute of protecting the worker from the hazard of unemployment, our courts must view with caution any construction which would narrow the coverage of the statute and deprive qualified persons of the benefits thereunder. *Emrick v. Unemployment Compensation Comm'n,* 173 A.2d 743, 745 (Del. 1961); *Donahue v. Dept. of Employment Security,* 454 A.2d 1244 (Vt. 1982); *Smith v. Employers' Overload,* 314 N.W.2d 220 (Minn. 1980); 76 Am. Jur. 2d, *supra.*

The referee's findings of fact were not disturbed by the circuit court. We have examined the evidence in record and hold that the findings are not clearly erroneous and therefore, will not be disturbed by this court. As to the referee's conclusion that the Employee is disqualified for benefits due to his discharge for misconduct connected with work, we agree with the circuit court that the conclusion is inconsistent with and not supported by the undisputed facts. Furthermore, the decision of the referee is not consonant with the purpose of the employment security law. We hold that the court was correct in reversing the referee's decision.

## IV.

HRS § 383-30(2) disqualifies an individual, otherwise eligible for benefits, if the individual is discharged for misconduct connected with his work.[3] Administrative Rules § 12-5-51(c), adopted to implement HRS § 383-30(2), defines misconduct:

> Misconduct connected with work consists of actions which show a wilful or wanton disregard of the employer's interests,

---

[3] HRS § 383-30 (Supp. 1983) *Disqualification for benefits.* An individual shall be disqualified for benefits:

. . . .

(2) Discharge or suspension for misconduct. For the week in which he has been discharged for misconduct connected with his work, and continuing until he has, subsequent to the week in which the discharge occurred, been employed

such as deliberate violations of or deliberate disregard of the standards of behavior which the employer has a right to expect of an employee, or carelessness, or negligence of such a degree or recurrence as to show wrongful intent or evil design. Mere inefficiency, unsatisfactory conduct, poor performance because of inability or incapacity, isolated instances of ordinary negligence or inadvertence, or good-faith errors in judgment or discretion are not misconduct. The misconduct shall be related to the work of the individual or the individual's status as an employee.

In tort law, noncompliance with an established statutory standard is not necessarily conclusive on the issue of negligence, *Pickering v. State,* 57 Haw. 405, 408, 557 P.2d 125, 127 (1976), but is merely evidence of negligence, *Michel v. Valdastri, Ltd.,* 59 Haw. 53, 575 P.2d 1299 (1978). Under tort law the Employee driving his vehicle over a solid line to pass another vehicle on a highway would be a violation of the traffic code, but without more, such a passing would not amount to negligence per se. In view of the beneficent purpose of the law, we refuse to hold that under the Hawaii Employment Security Law that same action is more than mere evidence of negligence.

Rule 12-5-51 itself provides that "isolated instances of ordinary negligence or . . . good-faith errors in judgment . . . are not misconduct. . . ." The Employee, although aware of the solid line and its significance, felt he could safely pass, and would have safely passed had not the pick-up truck, without the left signal light flashing, made the left turn. Aside from the fact that the Employee violated the traffic code by passing a vehicle on a solid line, there is no evidence of repeated negligence or careless conduct on the part of the Employee. At best, the Employee's action was an isolated instance of negligence or a good-faith error in judgment.

---

for at least five consecutive weeks of employment. For the week in which he has been suspended for misconduct connected with his work and for not less than one or more than four consecutive weeks of unemployment which immediately follow such week, as determined in each case in accordance with the seriousness of the misconduct. For the purposes of this paragraph, "weeks of employment" means all those weeks within each of which the individual has performed services in employment for not less than two days or four hours per week, for one or more employers, whether or not such employers are subject to this chapter.

We hold that Employee's action does not approach the degree of negligence or carelessness to show wrongful intent or evil design amounting to misconduct. We concur with the circuit court that the facts do not support the conclusion that the Employee acted in wilful or wanton disregard of the Employer's interests.

Affirmed.

*Gregory M. Sato (Ernest C. Moore, III* with him on the briefs; *Torkildson, Katz, Jossem & Loden)* for appellee-appellant Big Three Industries, Inc.

*Ben H. Gaddis* (Legal Aid Society of Hawaii) for appellant-appellee.