MAKAKONA TANELE, Appellant, *v.* FRANKLIN SUNN, Director, Department of Social Services and Housing, State of Hawaii, Appellee.

NO. 9522

CIVIL NO. 75156

MARCH 20, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

*Per Curiam.* Makakona Tanele applied for general assistance benefits pursuant to Hawaii Revised Statutes (HRS) § 346-71(b). The Department of Social Services and Housing (DSSH) found that Tanele was not medically disabled to engage in a substantial gainful employment, and concluded that Tanele was not qualified to receive benefits. A fair hearing officer upheld DSSH's decision. On appeal, the circuit court affirmed the decision and order of the hearing officer. Tanele appeals the circuit court's affirmance. We reverse.

In order to qualify for general assistance benefits under HRS § 346-71(b) a person must be: (1) between 18 and 65 years of age; (2) determined to be needy; (3) unable to qualify under the Federal Supplemental Security Income Program; and (4) unable to engage in any substantial gainful employment because of a physical or mental impairment determined and certified by a licensed physician.[1] HRS § 346-71(b)(3) defines "substantial" to mean at least

---

[1] HRS § 346-71(b), in pertinent part, provides:

(b) A disabled person between eighteen and sixty-five years of age shall be eligible for general assistance, if the person:

(1) Is determined to be needy in accordance with standards established by this chapter and the rules and regulations of the department;

(2) Is unable to meet the requirements established by the Federal Supplemental Security Income Program or its successor agency; and

(3) Is unable to engage in any substantial gainful employment because of a physical or mental impairment determined and certified by a licensed physician. A determination of mental impairment may only be made by a licensed physician whose specialty is in psychiatry. The department may require that such determination and certification be by a licensed physician designated and paid by the department. "Substantial" as the term is used herein means at least thirty hours of work per week. "Disabled" as the term is used herein means disability which extends for a period of over thirty days.

thirty hours of work per week.[2] DSSH's Administrative Rule § 17-637-2 similarly defines "disabled".[3]

The hearing officer found that Tanele was not medically disabled to engage in substantial gainful employment. The only evidence on Tanele's ability to perform any work were reports from Dr. Ramseyer and Dr. Kamada. Dr. Ramseyer's report was filed on a form provided by DSSH which asked whether Tanele could be expected to perform either manual or sedentary work at least 30 hours per week. Dr. Ramseyer responded that Tanele could not. Dr. Kamada's report was not made on the DSSH form. His report stated that Tanele "is capable of doing light sedentary type of work." Nothing was reported by Dr. Kamada on the length of time per week that Tanele could do light sedentary work.

There are only two findings made by the hearing officer pertinent to the issue of Tanele's eligibility for general assistance. Finding number 5 states: "On April 9, 1982, Dr. Ramseyer completed a General Medical Examination Report (DSSH 1000A) concluding the claimant was unable to work." Finding number 8 states: "Dr. Kamada concluded the claimant could do light sedentary work." In view of the requirement that the applicant be unable to perform 30 hours of work per week pursuant to the definition of "substantial" under HRS § 346-71(b)(3) and "disabled" under Administrative Rule § 17-637-2, and in light of finding numbers 5 and 8, we conclude that the hearing officer's conclusion is erroneous. Neither the findings nor any evidence in the record support the hearing officer's conclusion. To the contrary, the findings and the evidence in the record support Tanele's contention that he is incapable of engaging in a substantial gainful employment for at least thirty hours of work per week. *See Camara v. Agsalud,* 67 Haw. 212, 685 P.2d 794 (1984).

---

[2] See note 1 *supra.*

[3] Administrative Rule § 17-637-2, in pertinent part, provides:

"Disabled" means the individual is unable to engage in any substantial gainful employment, at least thirty hours of work per week, for a period of more than thirty days from the onset of the disability, due to a physical or mental impairment determined and certified by a licensed physician.

The circuit court's decision and the hearing officer's decision and order are reversed.

DSSH is ordered to pay Tanele the general assistance benefits he was qualified to receive for the applicable period.

*Lucia J. Berrones* for appellant.

*Steven K. Chang,* Deputy Attorney General, for appellee.