**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000388
13-JUN-2022
07:54 AM
Dkt. 85 SO**

NOS. CAAP-21-0000388 AND CAAP-21-0000392

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

**CAAP-21-0000388**
PUNA PONO ALLIANCE, a Hawaiʻi non-profit association;
LUANA JONES; SHANA RITSEMA and JON OLSON,
Appellants-Appellants,
v.
STATE OF HAWAIʻI, DEPARTMENT OF HEALTH;
PUNA GEOTHERMAL VENTURE, a Hawaiʻi general partnership,
Appellees-Appellees,
and every other party to the proceedings
as identified herein, Appellees
(CIVIL NO. 3CCV-20-0000390)

and

**CAAP-21-0000392**
SARA STEINER, Appellant-Appellant,
v.
STATE OF HAWAIʻI, DEPARTMENT OF HEALTH;
PUNA GEOTHERMAL VENTURES, Appellees-Appellees,
and DOES 1-20, Appellees
(CIVIL NO. 3CCV-20-0000398)

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

These consolidated secondary appeals arise from primary appeals to the Circuit Court of the Third Circuit.[1]  The primary appeals were taken from a decision made by the **Director** of Appellee-Appellee State of Hawai'i Department of Health (**DOH**). The Director decided that "a new or supplemental environmental review is not required" by the Hawai'i Environmental Policy Act, Hawaii Revised Statutes (**HRS**) Chapter 343 (**HEPA**) in connection with Appellee-Appellee **Puna Geothermal** Venture's application for renewal of its noncovered source permit under HRS Chapter 342B ("Air Pollution Control").  The circuit court dismissed both primary appeals, concluding that it lacked jurisdiction to review the Director's decision under HRS Chapter 91, the Hawai'i Administrative Procedure Act (**HAPA**).

The issue presented by these secondary appeals is whether the Director's HEPA decision was made in a contested case proceeding subject to HAPA.  For the reasons explained below, we conclude it was not.  We affirm: **(1)** the **Judgment** in favor of DOH and Puna Geothermal and against Appellants-Appellants **Puna Pono** Alliance, Luana Jones, Shana Ritsema, and Jon Olson (collectively, the **Alliance**) entered by the circuit court on June 23, 2021, in 3CCV-20-0000390; and **(2)** the "**Amended Judgment on Appeal**" in favor of DOH and Puna Geothermal and against self-represented Appellant-Appellant Sara **Steiner** entered by the circuit court on December 16, 2021, in 3CCV-20-0000398.

### Proceedings in the DOH

On December 15, 2009, DOH issued noncovered source permit No. 0008-02-N (the **Permit**) to Puna Geothermal.  The Permit was issued in accordance with HRS Chapter 342B ("Air Pollution Control") and Hawai'i Administrative Rules (**HAR**), Title 11,

---

[1]     The Honorable Henry T. Nakamoto presided over both primary appeals.

2

Chapter 60.1.[2]  By letter dated September 11, 2014, Puna Geothermal requested a renewal of the Permit.  The request was docketed in the DOH Hearings Office as No. 19-CWBN-5-24 (the **Permit Renewal Docket**).

On October 17, 2019, Puna Pono demanded that DOH comply with HEPA "by requiring an environmental review be accepted by DOH before Puna Geothermal . . . is allowed to proceed with the renewal of an air pollution permit[.]"  HRS § 343-5 (2010 and Supp. 2019) provided, in relevant part:

> (e)   Whenever an applicant proposes an action specified by subsection (a) that requires approval of an agency and that is not a specific type of action declared exempt under section 343-6, the agency initially receiving and agreeing to process the request for approval shall require the applicant to prepare an environmental assessment of the proposed action at the earliest practicable time to determine whether an environmental impact statement shall be required[.]

On October 18, 2019, the DOH Hearings Office asked that Puna Pono clarify "which part of HRS § 343-5's 'subsection (a)' it believes covers" Puna Geothermal's renewal application.  Puna Pono responded on October 24, 2019.

On October 25, 2019, the DOH Hearings Office issued an order in the Permit Renewal Docket stating:

> Any participants who so desire may file and serve responses to [Puna Pono]'s demand . . . not later than Friday, November 8, 2019.
>
> Any participants who so desire may file and serve replies to any and all such responses not later than Tuesday, November 19, 2019.

Puna Geothermal filed a response to Puna Pono's demand on November 8, 2019.

---

[2]   A permit under HRS Chapter 342B allows the permit holder to "construct, modify, relocate, or operate [a] regulated air pollutant source." HRS § 342B-1.  A "source" is "property, real or personal, which emits or may emit any air pollutant."  HRS § 342B-1; HAR § 11-60.1-1.  A "noncovered source" is a stationary source constructed, modified, or relocated after March 20, 1972, that is not a covered source. Id.  A "covered source" includes a source subject to the Section 111 of the federal Clean Air Act, 42 U.S.C. § 7401, et seq.

On November 18, 2019, the DOH Hearings Office issued an order stating, in relevant part:

> Questions of whether to require the preparation of environmental assessments and impact statements are matters to be resolved by the Director of Health, the DOH's Environmental Health Administration and/or the Clean Air Branch, ***subject to review in the Courts under the applicable appellate processes (if any) for such decisions***.
>
> Puna Pono Alliance's [PPA] Demand for Environmental Review, which asks that an environmental review be accepted by the DOH before PGV is allowed to proceed with the renewal of [the Permit], is therefore ***referred to the Director of Health***, the DOH's Environmental Health Administration and the Clean Air Branch for them to resolve, along with any and all joinders and de facto joinders therein.

(emphasis added).  Thus, Puna Pono's demand for an environmental review was severed from the Permit Renewal Docket.  No appeal was taken from the order.

By letter dated December 10, 2019, Steiner also demanded that DOH require an environmental impact statement from Puna Geothermal for the Permit Renewal Docket.

On June 8, 2020, Puna Pono filed a motion in the Permit Renewal Docket for "an order that Puna Geothermal Venture (PGV) must prepare an environmental review on the grounds that [HEPA] and related rules of the Department of Health (DOH) applicable to PGV's pending application for a permit renewal require such a review."  Steiner joined in the motion.  Puna Geothermal responded to the motion and joinder on June 25, 2020.  Puna Pono replied on July 6, 2020.

On August 13, 2020, the DOH Hearings Office issued an order denying Puna Pono's June 8, 2020 motion and Steiner's joinder "without prejudice to any rights the Director of Health, the DOH's Environmental Management Division (EMD) and/or the Clean Air Branch (CAB) of the EMD may have to direct an environmental review."  No appeal was taken from the order.

By letter dated September 4, 2020, the Director informed Puna Pono, Steiner, and Puna Geothermal (among others) that "a new or supplemental environmental review is not required to be conducted by the DOH" for the renewal of Puna Geothermal's

Permit.  The Director's letter was published in DOH's publication "The Environmental Notice" on September 23, 2020, as required by HEPA.[3]

### Primary Appeals

On October 21, 2020, the Alliance filed a notice of appeal from the Director's decision in the circuit court.  The appeal was taken "pursuant to Hawaiʻi [sic] Revised Statutes §§ [sic] 91-14[.]"  The appeal was docketed as 3CCV-20-0000390.  On June 3, 2021, the circuit court entered an order dismissing the appeal for lack of jurisdiction.  The circuit court concluded that the Director's decision was not "a final decision and order in a contested case[.]"  The Judgment was entered on June 23, 2021.  The Alliance appealed, resulting in CAAP-21-0000388.

Steiner filed a notice of appeal from the Director's decision on October 23, 2020.  Steiner's appeal was also taken "pursuant to Hawaii Revised Statutes 'HRS' § 91-14[.]"  The appeal was docketed as 3CCV-20-0000398.  On June 22, 2021, the circuit court entered an order dismissing the appeal for lack of jurisdiction.  The circuit court concluded that the Director's decision "was not a contested case[.]"  The Amended Judgment was entered on December 16, 2021.  Steiner appealed, resulting in CAAP-21-000392.

### Standard of Review

"A trial court's dismissal for lack of subject matter jurisdiction is a question of law, reviewable de novo."  Tax Found. of Hawaiʻi v. State, 144 Hawaiʻi 175, 185, 439 P.3d 127, 137 (2019).

---

[3]     HRS § 343-3 (2010) (part of HEPA) provides, in relevant part:

> (b)   The office [of planning and sustainable development] shall inform the public of notices filed by agencies of the availability of environmental assessments for review and comments, of determinations that statements are required or not required[.]

See also HAR § 11-200.1-4 (2019).

**Discussion**

HRS § 91-14(a) (2012) allows "[a]ny person aggrieved by a final decision and order ***in a contested case***" to seek judicial review. (Emphasis added.) The Hawaiʻi Supreme Court has held:

> The first requirement for judicial review under HRS § 91-14 is that the appeal be from a ***contested case*** proceeding. A "contested case" is "a proceeding in which the legal rights, duties, or privileges of specific parties are required by law to be determined after an opportunity for agency hearing." HRS § 91-1. For an agency hearing to be "required by law" it must be required by agency rule, statute, or constitutional due process.

Cmty. Ass'ns of Hualalai, Inc. v. Leeward Plan. Comm'n, 150 Hawaiʻi 241, 255, 500 P.3d 426, 440 (2021) (emphasis added) (citations omitted).

Neither the Alliance nor Steiner cite to any agency rule or statute that required a contested case hearing for the Director's determination under HRS § 343-5. Instead, the Alliance relies on four cases. The cases are distinguishable because in each, the appeal was taken from a contested case hearing in which the administrative agency determined that no HEPA environmental assessment was necessary.

In McGlone v. Inaba, 64 Haw. 27, 636 P.2d 158 (1981), abrogated in part by Camara v. Agsalud, 67 Haw. 212, 215-16, 685 P.2d 794, 796-97 (1984) (disavowing McGlone to the extent it suggests an agency's conclusions of law are reviewed under the clearly erroneous standard), the Board of Land and Natural Resources (**BLNR**) approved the defendants' conservation district use application (**CDUA**) during a regularly scheduled meeting, without requiring the defendants to prepare an environmental impact statement (**EIS**). The plaintiffs, who opposed the CDUA, sued BLNR for injunctive and declaratory relief. The circuit court remanded the case to BLNR for a contested case hearing. BLNR conducted a contested case hearing, then "unanimously reaffirmed its earlier determination that [the defendants'] proposed construction was exempt from preparation of an EIS and thus reapproved [the] CDUA." Id. at 31, 636 P.2d at 161-62. The

6

plaintiffs again filed suit, seeking a preliminary injunction. The circuit court denied the preliminary injunction and affirmed the BLNR decision approving the CDUA. The plaintiffs appealed to the supreme court. Thus, the primary and secondary appeals in McGlone were taken from the BLNR decision approving the CDUA after a contested case hearing.

In Pearl Ridge Ests. Cmty. Ass'n v. Lear Siegler, Inc., 65 Haw. 133, 648 P.2d 702 (1982) the supreme court held "that when an application is made for the reclassification of conservation lands to other uses, an environmental assessment is necessary before the LUC [Land Use Commission] can reclassify the lands." Id. at 134, 648 P.2d at 704. In that case, "After due notice to interested persons, the Commission conducted a [contested case] hearing in accord with the procedure prescribed by HRS Chapter 205." Id. at 136, 648 P.2d at 704 (Nakamura, J. concurring).

In Kahana Sunset Owners Ass'n v. Cnty. of Maui, 86 Hawai'i 66, 947 P.2d 378 (1997), the Maui county planning commission decided that no HEPA environmental assessment was required to grant a Special Management Area (**SMA**) permit. "A contested case hearing on the granting of the SMA permit was held over the course of thirteen days[.]" Id. at 68, 947 P.2d at 380. The appeal was taken from the planning commission's decision, after the contested case hearing, to grant the SMA permit.

And in Sierra Club v. Off. of Plan., 109 Hawai'i 411, 126 P.3d 1098 (2006) the appeal was from the Land Use Commission's decision, after a contested case hearing, to reclassify land from agricultural to urban without requiring an HEPA environmental assessment. Id. at 420-21, 126 P.3d at 1107-08.

In this case, the DOH Hearings Officer severed Puna Pono's HEPA demand from the Puna Geothermal Permit Renewal Docket, and denied Puna Pono's June 8, 2020 motion and Steiner's joinder "without prejudice to any rights the Director . . . may have to direct an environmental review." No appeal was taken.

The Director, without conducting a contested case hearing, determined that an HEPA environmental review was not required. The Alliance and Steiner's remedy under HEPA would have been to initiate a "judicial proceeding, the subject of which is the determination that a statement is not required for a proposed action, . . . within thirty days after the public has been informed of such determination pursuant to section 343-3." HRS § 343-7(b) (2010 & Supp. 2019). The Alliance's and Steiner's actions below were instead brought under HRS § 91-14. Because the Director's determination was not made after a contested case hearing, the circuit court correctly dismissed the actions for lack of subject matter jurisdiction.

For the foregoing reasons, the Judgment entered by the circuit court on June 23, 2021, in 3CCV-20-0000390, and the Amended Judgment entered by the circuit court on December 16, 2021, in 3CCV-20-0000398, are affirmed.

DATED: Honolulu, Hawaiʻi, June 13, 2022.

On the briefs:

Gary C. Zamber,
for Appellants-Appellants
Puna Pono Alliance, Luana
Jones, Shana Ritsema
and Jon Olson.

Sara Steiner,
Self-represented Appellant-
Appellant.

Lyle T. Leonard,
Deputy Attorney General,
State of Hawaiʻi,
for Appellee-Appellee State
of Hawaiʻi, Department of Health.

Paul Alston,
Pamela W. Bunn,
Timothy H. Irons,
for Appellee-Appellee Puna
Geothermal Venture.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge