**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000703
21-MAR-2025
08:09 AM
Dkt. 57 SO**

NO. CAAP-21-0000703

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ELVIRA C. CHIANG,
Claimant-Appellee-Appellee,
v.
THE RITZ-CARLTON HOTEL CO., LLC doing business as
RITZ CARLTON KAPALUA, Employer-Appellant-Appellee,
and
MARRIOTT CLAIMS SERVICES,
Insurance Carrier-Appellant-Appellee
and
LOWELL K.Y. CHUN-HOON and EVE L.Y. YEUNG,
Real Parties in Interest-Appellants

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB NO. 2018-161(M); DCD NO. 7-17-00457)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting C.J., and Hiraoka and Wadsworth, JJ.)

This appeal stems from a dispute concerning attorneys'
fees. Real Parties in Interest-Appellants Lowell K.Y. Chun-Hoon
(**Chun-Hoon**) and Eve L.Y. Yeung (**Yeung**) (together, **Appellants**),
who are attorneys with the law firm King, Nakamura & Chun-Hoon
(**KNCH**), represented Claimant-Appellee-Appellee Elvira C. Chiang
(**Chiang**) in the underlying workers' compensation proceeding.
Appellants appeal from the July 19, 2021 Attorney's Fee Approval
and Order (**Order**) and the November 18, 2021 Supplemental
Attorney's Fee Approval and Order (**Supplemental Order**) entered by
the Labor and Industrial Relations Appeals Board (**LIRAB**).
Together, the Order and the Supplemental Order awarded KNCH
attorneys' fees and costs, plus tax, in the sum of $25,764.39 for

legal services performed by Chun-Hoon, Yeung, and KNCH attorney Rosalyn G. Payen (**Payen**).[1]

On June 22, 2018, the Director of the Department of Labor and Industrial Relations (**Director**) entered a decision which determined that Employer-Appellant-Appellee The Ritz-Carlton Hotel Company, LLC (**Employer**) was liable for Chiang's medical care after March 5, 2018, awarded Chiang temporary total disability benefits, and reserved matters of permanent disability and/or disfigurement for future determination (**6/22/18 Decision**). On July 10, 2018, Employer and Insurance Carrier-Appellant-Appellee Marriot Claims Services appealed from the 6/22/18 Decision to LIRAB. The parties reached a settlement agreement, which LIRAB approved and entered on May 31, 2021 (**Settlement**). The Settlement provided in part that each party would bear its own attorneys' fees and costs, and those for Chiang's attorneys were subject to LIRAB's approval.

On May 13, 2021, Chun-Hoon, Yeung, Payen, and Goods filed requests for approval of attorneys' fees pursuant to HRS § 386-94.[2] On July 19, 2021, LIRAB entered the Order, which granted in part and denied in part the fee requests. On July 28, 2021, KNHC moved for reconsideration of the Order (**Motion for Reconsideration**). On November 18, 2021, LIRAB entered the Supplemental Order, which granted in part and denied in part the Motion for Reconsideration.

On appeal, Appellants contend that LIRAB made various legal and factual errors, as detailed below, in the Order and the Supplemental Order, which improperly reduced the fees awarded to KNCH.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Appellants' contentions as follows.

---

[1] No fees were awarded for services provided by KNCH attorney K. Uʻilani Goods (**Goods**).

[2] HRS § 386-94 (Supp. 2020) states in part that an attorney's "[c]laims for services shall not be valid unless approved by the [D]irector or, if an appeal is had, by the appeals board or court deciding the appeal."

2

(1) Appellants challenge the following part of LIRAB's analysis in the Order:

> [LIRAB] did not approve the following tasks, because they are clerical (non-legal) functions that are capable of being performed by support staff, for which no professional legal skills or analysis is required.

KNCH contends that LIRAB erred:  (a) "as a matter of law when it held that tasks of non-legal functions that did not require professional legal skill or analysis, were clerical"; and (b) "in finding as fact that attorneys had access to support staff."

It is well settled that "[c]ourts should reduce an award of attorney's fees for . . . performance of clerical functions."  Schefke v. Reliable Collection Agency, Ltd., 96 Hawaiʻi 408, 458, 32 P.3d 52, 102 (2001); see Kaleikini v. Yoshioka, 129 Hawaiʻi 454, 469, 304 P.3d 252, 267 (2013) ("a review of Kaleikini's request does not indicate that any of the requested fees are . . . clerical").  LIRAB did not err as a matter of law in describing clerical functions.[3/]  Furthermore, LIRAB's reference to "support staff" did not amount to a factual finding that "attorneys had access to support staff." Appellants' contention is without merit.

(2) Appellants challenge the following part of LIRAB's analysis in the Order:

> Chun-Hoon's fee request is reduced by 0.1 hour for services performed on March 15, 2021 because forwarding an email to his client is not a legal service.

KNCH contends that "[LIRAB] clearly erred in finding as a fact that . . . Chun-Hoon's March 15, 2021 billing entry was clerical when the entry explicitly included an e-mail to [Chiang] with a settlement authorization, which constituted legal services."

Appellants' contention has merit.  The time entry at issue, in context with surrounding entries, indicates that Chun-Hoon forwarded a settlement authorization letter to Chiang via email, *i.e.*, he engaged in an attorney-client communication regarding a legal document.  The evidence does not support

---

[3/]    We do not read the challenged statement as equating paralegal services with clerical services.  See infra section (9).

LIRAB's conclusion that this was "not a legal service." LIRAB therefore abused its discretion in making this reduction.

(3) Appellants challenge the following part of footnote 3 in the Order:

> Attorney Payen's billing entries include billing: 1.0 hour to draft a motion that was less than 2 pages of double-spaced text (4/20/19) . . . .

Appellants contend that "[LIRAB] clearly erred in finding as fact that . . . Payen billed 1.0 hour to draft a motion on 4/20/19[,]" as "Payen did not have a billing entry dated 4/20/19."

The challenged footnote is appended to the word "excessive" in the following sentence: "Although the time spent by Attorney Payen and Attorney Yeung on certain, specific legal services may seem excessive, consideration was given to their relative inexperience in workers' compensation law, their lower hourly rate, and the need to communicate with and take direction from Attorney Chun-Hoon to further [Chiang's] case." It does not appear that LIRAB reduced the fee request based on the disputed entry. Any error in describing that entry was therefore harmless.

(4) Appellants challenge the following part of the analysis in the Order:

> Attorney Payen's fee request is reduced by 2.5 hours because scheduling appointments, organizing files, printing, filing, downloading documents, and compiling attorneys' fees are not services which require professional legal skills or analysis.

| Date | Billing Description (Attorney Payen) | Time |
|------|-------------------------------------|------|
| 04/09/2019 | re-scheduling phone appointment | 0.10 |
| . . . . | . . . . | . . . . |
| 09/19/2019 | update and organize file | 0.30 |
| 09/25/2019 | Download MFS/e-mail.[] | 0.40 |
| . . . . | . . . . | . . . . |

Appellants contend that LIRAB clearly erred in describing the identified billing entries, because the actual entries included additional descriptions of legal services.

4

Having reviewed the actual entries, we conclude that Appellants' contention has merit. The time entries at issue describe various legal services, including attorney-client communications. The evidence does not support LIRAB's conclusion to the contrary. LIRAB therefore abused its discretion in making this reduction.

(5) and (6) Appellants challenge the following part of the analysis in the Order:

> Attorney Yeung's fee request is reduced by 8.4 hours because scheduling appointments, confirming scheduled appointments, organizing and assembling files, calendaring, filing documents, transmitting documents, discussing retainer conditions and office procedures with staff, and compiling attorneys' fees are not services which require professional legal skills or analysis.

| Date | Billing Description (Attorney Yeung) | Time |
|------|--------------------------------------|------|
| 09/24/2020 | organize 2020 file for hearing and settlement conference | 0.50 |
| . . . . | . . . . | . . . . |
| 11/11/2020 | compile requested document for Client per her request and mail to her | 0.30 |
| . . . . | . . . . | . . . . |
| 01/27/2021 | organize past correspondence, medical reports, receipts | 1.40 |
| 02/01/2021 | email settlement document to client | 0.10 |
| . . . . | . . . . | . . . . |
| 03/04/2021 | email authorization to client | 0.10 |
| 03/04/2021 | email HR re authorization | 0.10 |
| 03/04/2021 | assemble exhibits for request for hearing | 0.20 |
| . . . . | . . . . | . . . . |
| 03/08/2021 | email LCH re new settlement values for counter offer | 0.10 |
| . . . . | . . . . | . . . . |
| 03/17/2021 | send email to Client re case status | 0.10 |
| . . . . | . . . . | . . . . |
| 03/19/2021 | email Client CSA | 0.10 |
| . . . . | . . . . | . . . . |

5

| 04/20/2021 | organize settlement documents and materials | 0.40 |
|---|---|---|

(Original ellipsis and footnotes omitted.)  Appellants contend that LIRAB clearly erred in finding that the identified billing entries described clerical work, because the entries included attorney-client communications regarding legal documents or hearing and legal document preparation, which constitute legal services.

Appellants' contention has merit.  Several of the billing entries at issue describe attorney-client communications regarding legal documents (*e.g.*, 11/11/2020, 02/01/2021, 03/04/2021, 03/08/2021, 03/17/2021, 03/19/2021), which constitute legal services.  LIRAB abused is discretion in reducing the requested fees for these services. See supra.  Other entries that describe the organization and assembly of documents for hearing and settlement purposes also appear to constitute legal services, albeit those that might commonly be performed by a paralegal. See infra part (9).  LIRAB abused its discretion in reducing the requested fees for these services.

(7) Appellants challenge the following part of the analysis in the Order:

> While on appeal, this case presented no novel issues and appears to be of average complexity.  The parties addressed issues which included but are not limited to issues surrounding [Chiang's] entitlement to medical care, TTD benefits, permanent disability, and vocational rehabilitation.

Appellants contend that LIRAB clearly erred in finding that this case presented no novel issues and was of average complexity.

> When mixed questions of law and fact are presented, an appellate court must give deference to the agency's expertise and experience in the particular field. Dole Hawaiʻi Division–Castle & Cooke, Inc. v. Ramil, 71 Haw. 419, 424, 794 P.2d 1115, 1118 (1990).  "[T]he court should not substitute its own judgment for that of the agency." Id. (citing Camara v. Agsalud, 67 Haw. 212, 216, 685 P.2d 794, 797 (1984)).

Igawa v. Koa House Restaurant, 97 Hawaiʻi 402, 406, 38 P.3d 570, 574 (2001) (quoting In re Water Use Permit Applications, 94 Hawaiʻi 97, 119, 9 P.3d 409, 431 (2000)).

Appellants argue generally that "[t]he unique combination of legal issues presented by the appeal also presented a novel combination of issues of greater than average complexity in the workers' compensation area." They do not explain specifically how this case presented novel or complex issues. On this record, we defer to LIRAB's judgment regarding the relative complexity of the underlying case.

(8) Appellants challenge the following part of the analysis in the Order:

> Duplicative billings by an attorney will be reduced by [LIRAB]. Duplicative billings and billings for interoffice communications, even among separate billers, effectively increase the expense. Thus, where Attorney Chun-Hoon, Attorney Payen, Attorney Yeung, and Attorney Goods billed for time spent communicating with each other or billed for the same legal services (e.g., reviewing a document, attending the same conference), the time billed by the highest billing attorney (Attorney Chun-Hoon) was allowed, the time billing by the lower billing attorneys (Attorney Payen, Attorney Yeung, and Attorney Goods) was reduced.

Appellants contend that "[LIRAB] erred as a matter of law in holding that concurrent billing by more than one attorney is not recoverable."

In Fought & Co. v. Steel Eng'g & Erection, Inc., 87 Hawaiʻi 37, 951 P.2d 487 (1998), the Hawaiʻi Supreme Court disallowed charges sought by Fought's general counsel that it found were "duplicative of charges also claimed by Fought's Hawaiʻi counsel" and appeared unreasonable under the circumstances presented there. Id. at 56, 951 P.2d at 506; see also Schefke, 96 Hawaiʻi at 458, 32 P.3d 52 at 102 ("[c]ourts should reduce an award of attorney's fees for . . . duplicative efforts by the attorney and paralegal"). Accordingly, it is within LIRAB's statutory authority to reduce requested attorney's fees where more than one attorney in the same firm bills for the same task, if it concludes that such fees are not reasonable under the circumstances. See HRS 386-94 ("[I]n all cases, reasonable attorney's fees shall be awarded."(emphasis added)).

Here, it does not appear that LIRAB ruled categorically that "concurrent billing by more than one attorney is not recoverable." Rather, it concluded that specific legal services provided by Payen, Yeung, and Goods were duplicative of the same

7

services provided by Chun-Hoon.  LIRAB did not abuse its discretion in so ruling.

(9) Appellants challenge the following part of the Supplemental Order:

> Attorney Chun-Hoon contended that attorney activities that were deducted from the fee requests because they were considered to be clerical in nature should be allowed as paralegal time.  This argument is not credited because the individuals who performed the deducted activities were not paralegals.  They were fully licensed attorneys.  Moreover, simply labeling a task as paralegal work does not alter its clerical nature or transform it into a proper, billable activity.  The disallowed activities were administrative in nature and should be part of Attorney Chun-Hoon's overhead expenses rather than passed on to Claimant.

Appellants contend that "[LIRAB] erred as a matter of law in denying paralegal time for non-legal duties performed by attorneys."  They do not specify the "paralegal time" at issue.

"[I]f reasonable compensation requires it, a prevailing party must be compensated for paralegal costs."  Schefke, 96 Hawaiʻi at 458, 32 P.3d at 102; see Blair v. Ing, 96 Hawaiʻi 327, 334, 31 P.3d 184, 191 (2001) ("in appropriate cases, a request or award of attorneys' fees may include compensation for separately billed legal services performed by a paralegal, legal assistant, or law clerk" (emphasis omitted)).  Here, KNHC submitted a declaration by Chun-Hoon, which stated in part:  "The limited experience of Ms. Payen and Ms. Yeung is reflected in their $125.00/hourly rate, which is, in my opinion, an extremely low hourly rate for attorney time, and a rate more appropriate for a moderately experienced paralegal."  In these circumstances, LIRAB should have considered compensating KNHC for "paralegal work" performed by attorneys.

It appears, however, that the only affected billing entries are those discussed above, in parts (5) and (6), which describe the organization and assembly of documents for hearing and settlement purposes.  We concluded that LIRAB abused its discretion in reducing the requested fees for these services.  Appellants do not identify any other specific entries related to their point of error.

For the reasons discussed above, we vacate the Order and the Supplemental Order in relevant part and remand this

8

matter to LIRAB to recalculate the award of attorneys' fees to KNCH in accordance with this summary disposition order.

DATED:  Honolulu, Hawai'i, March 21, 2025.

On the briefs:

Lowell K.Y. Chun-Hoon,
Eve L.Y. Yeung, and
K. Uilani Goods
Real Parties in Interest-
Appellants

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge