**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000474
23-JUL-2025
08:16 AM
Dkt. 70 SO**

NOS. CAAP-22-0000474 AND CAAP-22-0000475

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

**NO. CAAP-22-0000474**
JAMES DOHERTY, Appellant-Appellant, v.
DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
EMPLOYMENT SECURITY APPEALS REFEREES' OFFICE (ESARO),
Appellee-Appellee
(CASE NO. 1CCV-21-0001438)

and

**NO. CAAP-22-0000475**
JAMES DOHERTY, Appellant-Appellant, v.
DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
EMPLOYMENT SECURITY APPEALS REFEREES' OFFICE (ESARO),
Appellee-Appellee
(CASE NO. 1CCV-21-0001439)

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge and McCullen, J., with Nakasone,
Chief Judge, concurring and dissenting in part)

James **Doherty**, representing himself,[1] appeals from two judgments for the Director of Department of Labor and Industrial Relations (**DLIR**) entered by the Circuit Court of the First Circuit on July 6, 2022.[2]  We consolidated the appeals.

In CAAP-22-0000474, we affirm the *Final Judgment* entered in JIMS No. lCCV-21-0001438, which affirmed a decision by the Employment Security Appeals Referees' Office (**ESARO**), which affirmed a DLIR claims examiner's decision that Doherty was not entitled to state unemployment benefits before August 17, 2020, when he first made a claim for state benefits.

In CAAP-22-0000475, we vacate the *Final Judgment* entered in JIMS No. lCCV-21-0001439 and remand to ESARO for further proceedings on Doherty's claim for federal Pandemic Unemployment Assistance (**PUA**) under the Coronavirus Aid, Relief, and Economic Security Act (**CARES Act**), 15 U.S.C. § 9021 (2020).

These are secondary appeals under Hawaii Revised Statutes (**HRS**) § 91-14.  We must determine whether the Circuit Court was right or wrong by applying the standards of HRS § 91-14(g) to the ESARO decisions denying Doherty's appeals. Flores v. Bd. of Land & Nat. Res., 143 Hawaiʻi 114, 120, 424 P.3d 469, 475 (2018).  Our review is confined to the record before ESARO.  HRS § 91-14(f) (Supp. 2022).  Under HRS § 91-14(g) (Supp. 2022) we may affirm ESARO's decision, remand the case with instructions for further proceedings, or reverse or modify the decision if Doherty's substantial rights may have been prejudiced

---

[1]    Doherty's opening brief does not comply with Rule 28(b) of the Hawaiʻi Rules of Appellate Procedure.  To promote access to justice, we liberally interpret pleadings prepared by self-represented litigants and do not automatically foreclose them from appellate review because they fail to comply with court rules.  Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).  However, Doherty's brief makes factual statements and refers to agency proceedings without citing to the record.  We are not obligated to search the record for information that should have been provided by Doherty.  Lanai Co., Inc. v. Land Use Comm'n, 105 Hawaiʻi 296, 309 n.31, 97 P.3d 372, 385 n.31 (2004) (explaining that an appellate court "is not obligated to sift through the voluminous record to verify an appellant's inadequately documented contentions").

[2]    The Honorable James H. Ashford presided.

because ESARO's decision (1) violates provisions of the constitution or a statute, (2) is beyond ESARO's statutory authority or jurisdiction, (3) used unlawful procedure, (4) was affected by other error of law, (5) was clearly erroneous, or (6) was arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. <u>Cadiz v. QSI, Inc.</u>, 148 Hawaiʻi 96, 106-07, 468 P.3d 110, 120-21 (2020).

**(1)** CAAP-22-0000474 involves Doherty's claim for state unemployment benefits. Doherty does not challenge ESARO's findings of fact, which are binding on appeal. <u>Okada Trucking Co. v. Bd. of Water Supply</u>, 97 Hawaiʻi 450, 459, 40 P.3d 73, 82 (2002).

In February 2020 Doherty earned money teaching yoga classes. He also worked as a university research assistant. In March 2020 he stopped teaching yoga classes, but continued working as a research assistant. His opening brief states he "lost all the income that he derived from teaching yoga" after then-Governor Ige's March 2020 COVID-19 emergency proclamation "shut down [sic] all non-essential business[.]"

In April 2020 he tried to claim PUA benefits. PUA benefits can only be applied for online. The online instructions tell the applicant to file for state unemployment benefits first. 15 U.S.C. § 9021 provides:

> **(b) Assistance for unemployment as a result of COVID-19**
>
> Subject to subsection (c), the Secretary shall provide to any ***covered individual*** unemployment benefit assistance while such individual is unemployed, partially unemployed, or unable to work for the weeks of such unemployment with respect to which the individual is ***not entitled to any other unemployment compensation*** (as that term is defined in section 85(b) of Title 26) or waiting period credit.

(Bold italics added.) For purposes of 15 U.S.C. § 9021(b), *covered individual* means someone who "is not eligible for regular compensation or extended benefits under State or Federal law[.]" 15 U.S.C. § 9021(a)(3)(A)(i). Title 26 is the Internal Revenue

3

Code.  26 U.S.C. § 85(b) defines *unemployment compensation* as "any amount received under a law of the United States or of a State which is in the nature of unemployment compensation."

Doherty tried to file for PUA benefits from April until August 2020.  He thought the PUA website was broken.  He filed for state unemployment benefits on August 17, 2020.  He became entitled to state benefits effective August 16, 2020.

On September 1, 2020, Doherty tried to backdate his claim for state benefits to March 15, 2020.  A DLIR Unemployment Insurance Division (**UID**) claims examiner interviewed Doherty on September 13, 2021.  According to the examiner, Doherty said:

> I couldn't get through the result of [PUA] because it said I need to go to UI.  For some reason I could not get to the end part of PUA and ***it would tell me that I had to apply for UI***.  I did not apply for UI until August.  Reason was because I thought I was supposed to be on PUA and I was going to get paid more on PUA, there was more money on PUA side.

(Emphasis added.)

On September 15, 2021, UID informed Doherty he was not entitled to benefits beginning March 15, 2020, under HRS § 383-29(a)(1) and Hawaii Administrative Rules (**HAR**) § 12-5-81(b):

> You filed an initial claim on 8/17/20, which effective [sic] 8/16/20.  You requested to back date your initial claim to 3/15/20.  You stated that you did not file your initial claim sooner because you thought that you were supposed to be on PUA even though the PUA system told you to apply for Hawaii unemployment benefits.  You did not file your unemployment claim until 8/17/20.

Doherty timely appealed to ESARO.

HRS § 383-29 (2015) provides, in relevant part:

> (a)   An unemployed individual shall be eligible to receive benefits with respect to any week only if the department finds that:
>
> > (1)   The individual has made a claim for benefits with respect to that week in accordance with rules the department may prescribe[.]

HAR § 12-5-81 (2006) provides, in relevant part:

> (b)   The effective date of a claim for benefits shall be the first day of the week in which the claim is filed, except as otherwise provided in this section.  The department ***may*** apply an earlier effective date if it can be shown to the satisfaction of the department that the individual's delay in filing is ***excusable for good cause***, including but not limited to a reasonable misunderstanding by the individual, misinformation from the department, unavailability of acceptable methods of claims filing provided by the department, or for transitional claims which are effective the day after the prior benefit year ends.

(Emphasis added.)

The PUA website told Doherty in April 2020 he had to file for state unemployment benefits before applying for PUA benefits, consistent with 15 U.S.C. § 9021(b).  Doherty acknowledged the PUA website "would tell me that I had to apply for UI."  He did not file for state benefits until August 17, 2020.  He did not show that his delay was excusable for good cause because the PUA website told him in April 2020 to apply for state benefits.  His stated inability to obtain information from the UID does not excuse his failure to follow the federal directions.  ESARO did not abuse its discretion by affirming UID's denial of Doherty's request to back-date his application.

The dissent agrees with Doherty's argument that the principle of agency deference should not be applied under the "unique circumstances" of this case.  The dissent treats ESARO's decision as a conclusion of law reviewed under HRS § 91-14(g)(4).  But HAR § 12-5-81(b) uses the auxiliary verb, "may."  "The term 'may' is generally construed to render optional, permissive, or discretionary the provision in which it is embodied." Carmichael v. Bd. of Land & Nat. Res., 150 Hawaiʻi 547, 570, 506 P.3d 211, 234 (2022) (brackets omitted).  We review ESARO's decision for abuse of discretion under HRS § 91-14(g)(6).  ESARO did not abuse its discretion because its decision was supported by the uncontroverted facts and applied the correct rule of law.  See Est. of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007) (stating that a conclusion of law supported

by the findings of fact and reflecting an application of the correct rule of law will not be overturned). The Circuit Court was right to affirm ESARO's decision.

**(2)** CAAP-22-0000475 involves Doherty's claim for PUA benefits under the CARES Act. UID denied Doherty's claim on June 17, 2021. He was told, "you have an active regular Unemployment Insurance claim and you are eligible to receive benefits. Therefore, you are not eligible for Pandemic Unemployment Assistance[.]" He appealed to ESARO.

ESARO issued a *Notice of Pandemic Unemployment Assistance (PUA) Hearing* on September 3, 2021. The hearing was scheduled for September 14, 2021. Doherty did not appear for the hearing. The hearings officer called Doherty's phone number. He received a recorded message. He called back. He again received a message.

On October 20, 2021, ESARO issued a decision affirming UID's denial of Doherty's claim for PUA benefits. Doherty appealed to the Circuit Court. The court affirmed ESARO's decision. This secondary appeal followed.

Doherty claims to have not received notification of the September 14, 2021 ESARO hearing. DLIR argues it sent the notice of hearing to Doherty's address of record, where he received the June 17, 2021 denial letter. In any event, the notice of hearing was defective. HRS § 383-38(a) (2015) requires that "[w]ritten notice of a hearing of an appeal shall be sent by first class, nonregistered, noncertified mail to the claimant's or party's last known address at least twelve days prior to the initial hearing date." ESARO sent Doherty notice of the hearing on September 3, 2021 — eleven days before the September 14, 2021 hearing date. This procedure was unlawful. The Circuit Court was wrong to affirm ESARO's decision. HRS § 91-14(g)(3).

The *Final Judgment* in JIMS No. 1CCV-21-0001438 is affirmed. The *Final Judgment* in JIMS No. 1CCV-21-0001439 is vacated. Doherty's appeal from UID's denial of his claim for PUA benefits is remanded to ESARO for further proceedings. On

remand, ESARO should issue a notice of hearing that complies with HRS § 383-38(a), and conduct further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawai'i, July 23, 2025.

On the briefs:

James Doherty,
Self-represented
Appellant-Appellant.

Dale M. Fujimoto,
Deputy Attorney General,
Department of the Attorney
General, State of Hawai'i,
for Director of Labor and
Industrial Relations, State
of Hawai'i.

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

**CONCURRING IN PART AND
DISSENTING IN PART BY NAKASONE, CHIEF JUDGE**

I concur with the resolution of CAAP-22-0000475. I write separately to dissent to the resolution of CAAP-22-0000474. In CAAP-22-0000474, I would hold that the Circuit Court erred in affirming the Department of Labor and Industrial Relations (**DLIR**), Employment Security Appeals Referee's Office's (**ESARO**) decision to deny Appellant-Appellant James Doherty's (**Doherty**) request to back-date his state unemployment insurance (**UI**) benefits application for the March 15, 2020 to August 15, 2020 (**March to August 2020**) time period, because ESARO committed an error of law under Hawaii Revised Statutes (**HRS**) § 91-14(g)(4) (2012 & 2016 Supp.) by not applying a liberal construction of Hawaii Administrative Rules (**HAR**) § 12-5-81 (2006)'s good cause exception to delayed UI claims like Doherty's under the unusual circumstances of Doherty's March to August 2020 delay in this case, which occurred during the height of the COVID-19 pandemic.

**Agency deference is not applicable**

Doherty argues that the Circuit Court's ruling was "affected by other error of law" under HRS § 91-14(g)(4), because the "unprecedented [COVID-19] pandemic" was occurring during the relevant March to August 2020 period, which constituted an "obvious reason[] to find good cause under HAR [§] 12-5-81[,]" where the DLIR Unemployment Insurance Division (**UID**) "was unable to perform their duties, answer the phone, or reply to an email." He also argues that the principle of agency deference under Dole Haw. Div.-Castle & Cooke, Inc. v. Ramil, 71 Haw. 419, 424, 794 P.2d 1115, 1118 (1990) -- that "[w]here both mixed questions of fact and law are presented, deference will be given to the agency's expertise and experience in the particular field and the court should not substitute its own

judgment for that of the agency[,]" -- should not apply where the DLIR had "no experience or expertise in this instance[,]" due to the "unique circumstances presented by an unprecedented global event like the COVID-19 pandemic[,]" making this "not a regular unemployment case."

I find Doherty's arguments against application of the agency deference standard persuasive in this case. HAR § 12-5-81 confers agency discretion, stating the "department may apply an earlier effective date if it can be shown to the satisfaction of the department that the individual's delay in filing is excusable for good cause[.]" Whether Doherty's delay was excusable for good cause is a mixed question of fact and law, for which agency deference is usually accorded. See Ramil, 71 Haw. at 424, 794 P.2d at 1118. Under the unique circumstances of this case, however, involving the March to August 2020 time period of the COVID-19 pandemic, and the undisputed impact of the pandemic on UID operations, the argument for deviating from the agency deference standard due to lack of pertinent agency "experience" under these circumstances -- has merit.

**Application of liberal construction to unemployment compensation statute and rule**

HAR § 12-5-81(b) provides that the UID "may" backdate a claim "if it can be shown to the satisfaction of the department" that the "delay in filing is excusable for good cause, including but not limited to a reasonable misunderstanding by the individual, [or] misinformation from the department[.]" The ESARO Decision rejected Doherty's request that good cause be found under HAR § 12-5-81(b), as follows:

> [Doherty] knew of regular UI benefits in March 2020 since he thought he would not qualify, even though he did qualify. Hence, there was no reasonable misunderstanding that he needed to file for regular UI benefits in order to receive regular UI benefits. . . .
>
> Importantly, [Doherty] did not show any misinformation from the UID or lack of access to information from the UID caused his delay in filing his new claim for UI benefits effective August 16, 2020. As soon as [Doherty] filed his [Pandemic Unemployment Assistance (**PUA**)] claim, he was informed by the UID to file for regular UI benefits. Moreover, the information [Doherty] wanted from the UID was **not** information the UID was required to provide to [Doherty]. The UID nor the Appeals Office is obligated to maximize the amount of benefits to which [Doherty] is entitled by alerting him to possible alternatives.

In my view, the above reasoning was flawed in at least three ways, when ESARO: (1) faulted Doherty for assuming "he would not qualify" for state UI benefits "even though he did qualify[,]" and concluded that this was not a "reasonable misunderstanding"; (2) found that Doherty "did not show any misinformation from the UID or lack of access to information from the UID" caused his delayed filing; and (3) noted that "the information [Doherty] wanted from the UID was **not** information the UID was required to provide to [Doherty]."

While courts must ordinarily grant agency deference to "an administrative rule promulgated by the same agency interpreting it[,]" "the agency's decision must be consistent with the legislative purpose." Camara v. Agsalud, 67 Haw. 212, 216, 685 P.2d 794, 797 (1984). "The unemployment compensation statute was enacted for the beneficent and humane purpose of relieving the stress of economic insecurity due to unemployment. It should therefore be liberally construed to promote the intended legislative policy." Id. at 216-17, 685 P.2d at 797 (citations omitted). In view of this policy, "courts must view with caution any construction which would narrow the coverage of the statute and deprive qualified persons of the benefits thereunder." Id. at 217, 685 P.2d at 797 (citations omitted).

3

As for the "good cause" standard in HAR § 12-5-81, the pertinent HAR do not contain a definition for this term, but the Hawaiʻi Supreme Court recently defined "good cause" as a "sufficient reason, depending upon the circumstances of the individual case, and that a finding of its existence lies largely in the discretion of the court." Eckard Brandes, Inc. v. Dep't of Labor & Indus. Rels., 146 Hawaiʻi 354, 363, 463 P.3d 1011, 1020 (2020).

Here, the ESARO Decision found that Doherty had a mistaken belief that he would not qualify for UI benefits when he actually did qualify. Its subsequent rejection of Doherty's belief as not a "reasonable misunderstanding" in the next sentence is not consistent with a beneficent, liberal construction of the good cause language. See Camara, 67 Haw. at 216, 685 P.2d at 797. Doherty is a lay person. He argued in his September 15, 2021 ESARO appeal that "I am not a [Hawaii Unemployment Insurance (**HUI**)], Labor, or PUA administrator and I did the best I could."[1] Even assuming arguendo Doherty's misunderstanding was not "reasonable," the good cause language in HAR § 12-5-81 is written broadly: "that the individual's

---

[1]    In his closing statement at the October 20, 2021 ESARO hearing, Doherty asked for "grace" from ESARO, given the confusion and difficulty he experienced during the relevant time period, as follows:

> Uh, I just would like to ask for your grace. Um, I-, [sic] you know I understand that I filed a certain date but I would just ask you to understand that in the beginning of the pandemic, you know, I was deemed an essential worker, somehow, in my college, and I was being compelled to work 60 hours a week, which I have logged, only allowed [sic] one person in the lab at a time. It was a very confusing time in general. It didn't feel like I could get help from any avenue and, um, I can only say that I was managing the best that I could, was working as much as I can [sic], at-, [sic] at the time, and just the general uneasiness of being in the pandemic, I-, [sic] I thought for sure I was on the PUA side. I had since [sic] learned otherwise. I was trying my best to file in the beginning of the pandemic, um, that's all I have to say.

delay in filing is excusable for good cause, including <u>but not limited to</u> a reasonable misunderstanding by the individual[.]" (Emphasis added).

The ESARO Decision's reasoning that Doherty "did not show any misinformation from the UID or lack of access to information from the UID caused his delay in filing" -- is also flawed and not consistent with a beneficent, liberal application of the good cause language. See <u>Camara</u>, 67 Haw. at 216-17, 685 P.2d at 797. While Doherty technically "did not show any **mis**information from the UID" (emphasis added) and that the "***lack of access to information*** from the UID ***caused his delay in filing***" (emphasis added), Doherty did show that there was a "lack of access to information from the UID" when he was trying to obtain assistance during the relevant time frame. In his ESARO hearing testimony, Doherty described: how he "tried calling" "multiple times" during April 1, 2020 to August 17, 2020; that "there was no way to get through"; "sometimes some of the numbers . . . would not even work"; that when "you would get through, it would keep you on the line to let you know" that you "reached . . . the call center," but then "it would say something to the effect of . . . all operators . . . are busy and it hangs up on you." In his ESARO appeal letter, Doherty wrote: "In the beginning of the pandemic, when I needed help filing, [i]t was impossible to get through on the phone to HUI or PUA." The UID and the ESARO Decision do not deny or address Doherty's consistent argument, made below and on appeal, that during the relevant March to August 2020 time period at the height of the pandemic, the UID was not responsive to requests for assistance from persons like Doherty, who were trying to understand and navigate federal PUA benefits and state UI benefits for individuals who had lost employment income during the pandemic.

5

The ESARO Decision's cramped construction of the "good cause" exception in this case unduly "narrow[s] the coverage" of the unemployment compensation statute and "deprive[s] [a] qualified person[]" like Doherty "of the benefits thereunder." See id. at 217, 685 P.2d at 797 (citations omitted).  ESARO's parsimonious application of its good cause exception to a delayed claim at the height of the COVID-19 pandemic when UID was unresponsive to requests for assistance, is not consistent with the "beneficent and humane purpose of relieving the stress of economic insecurity due to unemployment."  See id. at 216-17, 685 P.2d at 797.  In my view, this constituted an error of law under the unique circumstances of this case, and I would vacate and remand to ESARO for a new hearing.  See HRS § 91-14(g)(4).

/s/ Karen T. Nakasone
Chief Judge

6