**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-25-0000004
30-MAR-2026
08:29 AM
Dkt. 99 MO**

NOS. CAAP-25-0000004 AND CAAP-25-0000005

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

**CAAP-25-0000004**
LAWRENCE FORD; JOHN KOONTZ; DON DAVIS; PHILLIP KOSZAREK;
WILLIAM ROBERT GAGE, JR.; REBECCA S. GAGE,
Complainants-Appellants-Appellees,
v.
BOARD OF APPEALS, COUNTY OF HAWAIʻI, Agency-Appellant,
and JEFF DARROW,[1] DIRECTOR, DEPARTMENT OF PLANNING,
COUNTY OF HAWAIʻI, Appellee-Appellant, and
RYAN A. NEAL; BEATA M. ZANONE, Respondents-Appellees-Appellees

and

**CAAP-25-0000005**
LAWRENCE FORD; JOHN KOONTZ; DON DAVIS; PHILLIP KOSZAREK;
WILLIAM ROBERT GAGE, JR.; REBECCA S. GAGE,
Complainants-Appellants-Appellees,
v.
BOARD OF APPEALS, COUNTY OF HAWAIʻI, Agency-Appellee,
and JEFF DARROW, DIRECTOR, DEPARTMENT OF PLANNING,
COUNTY OF HAWAIʻI, Appellee-Appellee, and
RYAN A. NEAL; BEATA M. ZANONE, Respondents-Appellees-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CCV-23-0000200)

**MEMORANDUM OPINION**
(By: Leonard, Presiding Judge, Hiraoka and McCullen, JJ.)

Ryan A. **Neal** and Beata M. **Zanone** (**Homeowners**) own property in Captain Cook, Hawaiʻi, in the Hawaiʻi County Agricultural Project District and the State Land Use Agriculture

---

[1] Jeff Darrow, the current Director of the County of Hawaiʻi Department of Planning, is substituted for Zendo Kern, the former director, under Hawaiʻi Rules of Appellate Procedure Rule 43(c)(1).

District.  Their neighbors[2] complained to the Hawaiʻi County Planning Department's **Director** that they were operating a short-term rental business on their property without a permit, in violation of county zoning ordinances and state land use statutes.

The Director determined that Homeowners were not violating county zoning ordinances.  The neighbors appealed to the Hawaiʻi County **Board of Appeals**.[3]  The Board of Appeals granted Homeowners' motions for summary judgment and dismissed the appeals.

**Neighbors**[4] appealed to the Circuit Court of the Third Circuit.  The court ruled that the Board of Appeals "violated applicable statutes, used an unlawful procedure, committed errors of law, made decisions that are clearly erroneous and acted in an arbitrary manner[.]"[5]

In CAAP-25-0000004, the Director and the Board of Appeals (together, the **County**) appeal from the Circuit Court's *Judgment on Appeal*.  In CAAP-25-0000005, Homeowners appeal from the Judgment on Appeal.  We consolidated the appeals.  We hold: (1) the Board of Appeals was authorized to consider dispositive motions; but (2) the Board's orders granting Homeowners' motions for summary judgment did not contain statements of undisputed material fact or conclusions of law as required by Hawaii Revised Statutes (**HRS**) § 91-12 (2012).  We reverse the Circuit Court's Judgment on Appeal and remand to the Board of Appeals for further proceedings.

---

[2]     Don Davis, Lawrence Ford, William Robert Gage, Jr., Rebecca S. Gage, Peter Hazard, John Koontz, Phillip Koszarek, and John LoGerfo.

[3]     Davis, Ford, Hazard, Koontz, Koszarek, and LoGerfo's appeal was docketed as PL-BOA-2022-000020.  The Gages' appeal was docketed as PL-BOA-2022-000021.  The appeals were not formally consolidated.  The parties agreed to consolidate the contested case hearings, although separate decisions would be issued.

[4]     Davis, Ford, Koontz, Koszarek, and the Gages.

[5]     The Honorable Wendy M. DeWeese presided.

## I. PROCEDURAL HISTORY

In June and July 2021, Homeowners' neighbors complained to the Director that Homeowners were operating a short-term rental business on their property without a permit.

By letter dated September 17, 2021, the Director warned Homeowners that short-term vacation rentals were regulated by the County Zoning Code. Homeowners were asked to comply with the law within thirty days.

By letter dated October 12, 2021, Homeowners informed the Director that Neal resided on the property full-time, Zanone resided on the property more than half-time, and they hosted guests on the property as a hosted short- or long-term rental that complied with all applicable rules and regulations.

By letter dated October 21, 2021, the Director informed Homeowners that the Planning Department confirmed they were not operating a short-term vacation rental, and the case was being closed.

By letters to the Director dated January 20, 2022, the neighbors explained they were not complaining about violation of Hawaiʻi County Council's Ordinance 18-114 (pertaining to non-hosted short-term vacation rentals), but about short-term rental activity in the State Agriculture district in violation of HRS Chapter 205. They asked that the Director revise his letter to Homeowners consistent with the State Land Use Commission's May 20, 2021 declaratory order in Rosehill v. County of Hawaiʻi and Act 77 of the 2021 Hawaii Session Laws, which had taken effect on July 1, 2021.

By letters dated February 15, 2022, the Director informed the neighbors of the Planning Department's investigation. The letters stated:

> Our investigation and inspection into the alleged activity revealed that the "dwelling" in question is considered a farm dwelling as required by County Ordinance 97-133, and that the property is the primary residence of the landowner Mr. Neal. Online advertisements clearly states [sic] that Mr. Neal resides on the property.

3

> Planning was also able to verify farming activity on the property, which includes the cultivation [sic] lychee, rambutan and citrus fruits.
>
> **Hawaii County Zoning Code Chapter 25, Section 25-1-5. Definitions:**
>
> "Farm Dwelling" means a single-family dwelling located on or used in connection with a farm, or if the agricultural activity provides income to the family occupying the dwelling.
>
> "Short-Term Vacation Rental" (STVR) means a dwelling unit of which the owner or operator does not reside on the building site, that has no more than five bedrooms for rent on the building site and is rented for a period of thirty consecutive days or less.
>
> Based on the findings and the definitions provided above, we have determined that the parcel in question is not in violation of the Hawaii County Zoning Code, Chapter 25 or County Ordinance 97-133. This case is now closed.

The neighbors appealed to the Board of Appeals. The Board scheduled contested case hearings. It issued a *Scheduling Order* that provided:

> 4. Dispositive motions shall be served upon the opposing party and filed with the Board no later than September 30, 2022, by 4:30 p.m. The form and service of any dispositive motion shall be made in accordance with Board Rule 3-12.
>
> 5. Any memorandum in opposition to any dispositive motion shall be served upon the opposing party and filed with the Board no later than October 5, 2022, by 4:30 p.m., and shall be made in accordance with Board Rule 3-12.

Homeowners moved for summary judgment. The Board of Appeals considered the motions for summary judgment at a December 9, 2022 hearing. After hearing the parties' arguments, the Board convened an executive session. After reconvening the hearing, it voted to grant Homeowners' motions for summary judgment. It then concluded the hearing.

The Board of Appeals issued substantially identical orders granting Homeowners' motions for summary judgment on April 26, 2023. The orders dismissed the appeals.

Neighbors appealed to the Circuit Court under HRS § 91-14. The Circuit Court concluded that the Board of Appeals

4

used unauthorized procedure, met in an unauthorized executive session, failed to render written findings and conclusions to support its orders, and ignored a decision by the Circuit Court of the Fifth Circuit Court concluding that transient accommodation activity is not a permitted use in the State Land Use Agriculture District. The Circuit Court vacated the Board of Appeals' orders and directed the Board of Appeals to grant Neighbors' appeals.

These secondary appeals followed. While the appeals were pending, the Board of Appeals entered orders granting Neighbors' appeals and reversing the Director's decision based on the Circuit Court's Judgment on Appeal. Neighbors moved to supplement the records on appeal with the Board of Appeals' orders, and moved to dismiss these appeals, arguing they were "no longer justiciable."

## II. STANDARDS OF REVIEW

### A. Secondary Appeals

Our review of a circuit court decision on an appeal from an administrative agency decision is a secondary appeal; we must determine whether the circuit court was right or wrong by applying the standards of HRS § 91-14(g) *to the agency's decision*. Flores v. Bd. of Land & Nat. Res., 143 Hawaiʻi 114, 120, 424 P.3d 469, 475 (2018). Our review is generally confined to the record before the agency. HRS § 91-14(f) (2012 & Supp. 2024).

Under HRS § 91-14(g) a reviewing court may affirm the agency's decision; or remand the case with instructions for further proceedings; or reverse or modify the agency's decision and order if the appellant's substantial rights may have been prejudiced because the administrative findings, conclusions, decisions, or orders: (1) violate provisions of the constitution or a statute, (2) are beyond the agency's statutory authority or jurisdiction, (3) used unlawful procedure, (4) were affected by

other error of law, (5) were clearly erroneous, or (6) were arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.  <u>Cadiz v. QSI, Inc.</u>, 148 Hawaiʻi 96, 106-07, 468 P.3d 110, 120-21 (2020).

### B. Agency Rules

An agency's interpretation of its own rules is generally entitled to deference.  <u>Gillan v. Gov't Emp. Ins. Co.</u>, 119 Hawaiʻi 109, 125, 194 P.3d 1071, 1087 (2008) ("Arguably, where an agency promulgates a rule, we will accord consideration to its interpretation of its own rules."); <u>Camara v. Agsalud</u>, 67 Haw. 212, 216, 685 P.2d 794, 797 (1984) (noting that "is particularly true where the law to be applied is not a statute but an administrative rule promulgated by the same agency interpreting it").  But courts do not defer to agency interpretations that are "plainly erroneous or inconsistent with the underlying legislative purpose." <u>In re Waiʻola O Molokaʻi, Inc.</u>, 103 Hawaiʻi 401, 425, 83 P.3d 664, 688 (2004).

### III. POINTS OF ERROR

The opening briefs argue error by the Circuit Court, rather than addressing the Board of Appeals' procedure and orders for *de novo* review.  Similarly, the answering briefs argue why the Circuit Court's findings, conclusions, and determinations should be affirmed.

Bearing in mind the standard of review for this secondary appeal, we have reframed and reordered the County's and Homeowners' statements of the points of error.  They contend the Board of Appeals' summary judgment orders should have been affirmed because (1) the Board of Appeals was authorized to decide appeals by summary judgment; (2) Homeowners were not engaged in short-term vacation rental activity as defined by the Hawaiʻi County Code; and (3) <u>Rosehill v. Land Use Comm'n</u>, 155 Hawaiʻi 41, 556 P.3d 387 (2024) is distinguishable.

## IV. DISCUSSION

### A. These appeals are not moot; even if they were, the public interest exception would apply.

We must first address Neighbors' contention that these appeals are moot. "A case is moot if the reviewing court can no longer grant effective relief." Wilmington Sav. Fund Soc'y, FSB v. Domingo, 155 Hawaiʻi 1, 13, 556 P.3d 347, 359 (2024).

"[O]n motions related to mootness, the appellate court may consider matters outside the record" where the parties do not challenge the accuracy of the documents or the facts submitted to show mootness. Queen Emma Found. v. Tatibouet, 123 Hawaiʻi 500, 507 n.8, 236 P.3d 1236, 1243 n.8 (App. 2010). Neighbors supplied us with copies of the Board of Appeals' orders granting Neighbors' appeals and reversing the Director's decision based on the Circuit Court's Judgment on Appeal. The County and Homeowners do not dispute that the Board of Appeals issued the orders. We take judicial notice of the orders under Rule 201, Hawaii Rules of Evidence, Chapter 626, Hawaii Revised Statutes (2016).

Neighbors argue that the County and Homeowners did not seek a stay on execution of the Judgment on Appeal. But this is not a case where, for example, a judgment of foreclosure was not stayed and the foreclosed property was sold to a good-faith purchase while the mortgagor's appeal was pending. See, e.g., Domingo, 155 Hawaiʻi at 10, 556 P.3d at 356 (stating general rule that "the right of a good faith purchaser to receive property acquired at a judicial sale cannot be affected by the reversal of an order ratifying the sale where a supersedeas bond has not been filed").

We could grant the County and Homeowners effective relief. If we vacated or reversed the Judgment on Appeal, the Board of Appeals' orders granting Neighbors' appeals and reversing the Director's decision — which were based on the

Judgment on Appeal — would become invalid and Homeowners could move to reopen proceedings before the Board.

In addition, there are three exceptions to the mootness doctrine: (1) capable of repetition, yet evading review; (2) public interest; and (3) collateral consequences. See Hamilton ex rel. Lethem v. Lethem, 119 Hawaiʻi 1, 5-8, 193 P.3d 839, 843-46 (2008). The factors for analyzing the *public interest* exception are: (1) the public or private nature of the question presented; (2) the desirability of an authoritative determination for future guidance of public officers; and (3) the likelihood of future recurrence of the question. Id. at 6-7, 193 P.3d at 844-45.

Even if these appeals were moot (they're not), county and state regulation of short-term vacation rentals affects the public; the Board of Appeals could be guided by resolution of the procedural issue presented by its summary adjudication of Neighbors' appeals; and these issues are likely to recur. The public interest exception would apply.

Neighbors' motions to supplement the records on appeal are denied as unnecessary. Neighbors' motions to dismiss these appeals are denied.

> **B.    The Board of Appeals was authorized to consider dispositive motions.**

The Board of Appeals exists under Hawaiʻi County Charter § 6-9.2 (2004, as amended 2010):

> The board of appeals shall consist of seven members who shall be appointed by the mayor and confirmed by the council in the manner prescribed in Section 13-4. Each member shall be a legal resident and a registered voter of the county. Board membership shall be representative of the community, and, whenever possible, persons with background or expertise in broad areas of planning and construction shall be given preference, although such knowledge is not a prerequisite for membership. ***The board of appeals shall establish its rules of procedure*** and shall:
>
> > (a)    Hear and determine appeals from final decisions of the planning director or the director of public works regarding matters within their respective jurisdictions.
> >
> > (b)    Conduct hearings in accordance with Chapter 91, Hawaiʻi Revised Statutes, and this charter.

8

> (c)     Be part of the planning department for
>         administrative purposes, and said department
>         shall provide necessary clerical and other
>         assistance.

(Emphasis added.)

The Board of Appeals' **Rules** *of Practice and Procedure* (2021) "govern the practice and procedure before the Board of Appeals of the County of Hawaii[.]"  They are to "be construed to secure the just and efficient determination of every proceeding." Rule 1-2(a).

Part 3 of the Rules governs contested case procedures. Rule 3-12 allows for motions:

> (a)     Timing.  Motions may be made before, during, or after a hearing.
>
> (b)     Form and Contents.  Any motion, other than one made during a hearing, shall be made in writing to the Board and shall state the relief sought and shall be accompanied by an **affidavit** or **legal memorandum** setting forth the grounds upon which the motion is based.
>
> (c)     Service of Motions.  The moving party shall serve a copy of all motion documents on all other parties and shall file them with the Board with proof of service.
>
> (d)     Memorandum in Opposition.  A **memorandum in opposition** or **counter affidavit** shall be served on all parties and the memorandum and proof of service shall be filed with the Board as required by the Scheduling Order or for matters with no Scheduling Order, within ten (10) days after being served with the motion.  The presiding officer may order the memorandum in opposition to be filed at a time other than the ten (10) day period.
>
> (e)     Waiver.  Failure to serve or file a memorandum in opposition to a motion or failure to appear at the hearing may be deemed a waiver of objection to the granting or denial of the motion.  A party who does not oppose the motion shall promptly notify the presiding officer and opposing counsel or party.
>
> (f)     Ruling.  All motions that involve **a final determination of the proceeding** shall be voted and ruled on by the Board.  The presiding officer may rule on non-dispositive motions in accordance with Section 3-1(b) of these Rules.

(Emphasis added.)

Rule 3-12 comprehends filing dispositive motions. Deciding a contested case by summary judgment promotes the just

9

and efficient determination of the case, consistent with Rule 1-2(a), when the record shows the material facts are not disputed and a party is entitled to prevail as a matter of law. See Ralston v. Yim, 129 Hawaiʻi 46, 55, 292 P.3d 1276, 1285 (2013).

Neighbors argue that Rule 3-12 violates HRS § 91-2(a)(2). It doesn't. As is relevant here, HRS § 91-2 (2012) provides:

> (a)  In addition to other rulemaking requirements imposed by law, each agency shall:
>
> . . . .
>
> (2)  Adopt rules of practice, setting forth the nature and requirements of all formal and informal procedures available, and including a description of all forms and instructions used by the agency.

HRS § 91-1 (Supp. 2022) defines "Rule" as "each agency statement of general or particular applicability and future effect that implements, interprets, or prescribes law or policy, or describes the organization, procedure, or practice requirements of any agency."

Rule 3-12 contains requirements for the timing, form, contents, and service of motions and oppositions, and for rulings by the Board of Appeals. Neighbors argue that Rule 3-12 contains no standards for deciding motions. Many kinds of motions, procedural and dispositive, could be presented to an agency hearing a contested case. Nothing in HRS §§ 91-1 or -2 require a Rule to contain standards for deciding different motions.

We hold that Rule 3-12 authorized the Board of Appeals to consider dispositive motions such as Homeowners' motions for summary judgment.

> **C.  The Board of Appeals' orders granting Homeowners' motions for summary judgment did not comply with HRS § 91-12.**

Homeowners' motions for summary judgment argued "that the Director's Decision that the 'parcel in question is not in

violation of Hawaii County Zoning Code, Chapter 25 or County Ordinance 97-133' is correct under applicable law and should be affirmed[.]" The record contained evidence that Neal occupied the property and operated "an active fruit plantation" with "over 14 types of fruit trees, including a variety of banana, mango, orange, lime, papaya, dragon fruit, lychee, rambutan and avocado."

In opposition, Neighbors filed a *Motion to Exclude References to the "Rosehill Case"* and a *Combined Pre-hearing Memorandum and Objections to [Home]owners' Motion for Summary Judgment*. They argued the "Rosehill Case" did not address permitted uses for land in a Hawaiʻi County Agricultural Project District, and that Homeowners' "property is located within the State Agriculture Land Use District and, more specifically, within a county established Agricultural Project District that the Hawaii County Council set apart as an Agricultural Project District." They pointed out that Homeowners

> have used and continue to use their farm dwelling to - accommodate transient visitors for compensation and for periods of short term duration. This point is not disputed. (*See*, *e.g.*, [Home]owners' attorney's letter dated October 12, 2021, Appellants Exhibit 9)
>
> *However, the [Home]owners did not apply for or obtain a Special Permit, as is required under the Agricultural Project District provisions of the County Zoning Code quoted in Part II, above. Since the [Home]owners have not obtained a Special Permit to operate a "bed and breakfast" facility or a "lodge" on the [Home]owners' property, the [Home]owners are in violation of the County Zoning Code.

Neighbors did not argue there were disputed material facts. They did not dispute that Neal lived on Homeowners' property or that Homeowners operated a farm. They argued that Homeowners' motions "do not cite the governing law that is applicable in this appeal." They then argued what they contended was the governing law.

In this secondary appeal, Neighbors argue they were deprived of a "'full and fair' evidentiary hearing to determine the material facts of the case before the Board of Appeals." But

11

their briefs do not state what material facts were in dispute, or describe what material evidence they would have offered to the Board of Appeals had an evidentiary hearing taken place.

That being said, HRS § 91-12 (2012) provides:

> Every decision and order adverse to a party to the proceeding, rendered by an agency in a contested case, shall be in writing or stated in the record and ***shall be accompanied by separate findings of fact and conclusions of law***.

(Emphasis added.)

Of HRS § 91-12, the supreme court has stated:

> Findings of fact, to be sufficient to support an order, must include the basic facts, from which the ultimate facts in terms of the statutory criterion are inferred. It is not necessary for the [agency] to recite the evidence, and it is not necessary that it set out its findings in the formal style and manner customary in trial courts. It is enough if the findings be unambiguously stated, whether in narrative or numbered form, so that it appears definitely upon what basic facts the [agency] reached the ultimate facts and came to its decision.

Hawaii Pub. Emp. Rels. Bd. v. United Public Workers, Local 646, 66 Haw. 461, 472, 667 P.2d 783, 791 (1983) (ellipses omitted).

The Board of Appeals' orders granting Homeowners' motions for summary judgment stated "there are no genuine issues of fact, and that [Home]owners have established their entitlement to judgment as a matter of law[.]" The orders did not contain a statement of undisputed facts or conclusions of law.

Without a statement of *undisputed* facts or conclusions of law, we cannot determine what facts the Board of Appeals considered material, whether those facts are shown by substantial evidence in the record before the Board, Sierra Club v. D.R. Horton-Schuler Homes, LLC, 136 Hawaiʻi 505, 515-16, 364 P.3d 213, 223-24 (2015), or whether the Board's conclusions of law were right or wrong, id. We are unable to address the County's and Homeowners' substantive points of error under the applicable standard of review.

Accordingly, we reverse the Judgment on Appeal and remand to the Board of Appeals for entry of amended orders — or,

should the Board decide it appropriate to consolidate Neighbors' appeals, one order — that comply (or complies) with HRS § 91-12. <u>International Brotherhood of Electrical Workers, Local 1357 v. Hawaiian Tel. Co.</u>, 68 Haw. 316, 328, 713 P.2d 943, 953 (1986) (stating that "remand pursuant to HRS § 91-14(g) is appropriate if an agency's findings are incomplete and provide no basis for review").

## V. CONCLUSION

The November 8, 2024 *Findings of Fact, Conclusions of Law, and Order* is vacated. The December 2, 2024 *Judgment on Appeal* is reversed. Neighbors' motions to supplement the records on appeal[6] and motions to dismiss these appeals[7] are denied. This case is remanded to the Board of Appeals for further proceedings consistent with this memorandum opinion.

DATED: Honolulu, Hawaiʻi, March 30, 2026.

On the briefs:

Patrick K. Wong,
Carina I. Fasi,
for Respondents-Appellees-
Appellees-Appellants,
Ryan A. Neal and
Beata M. Zanone.

Michael J. Matsukawa
for Complainants-Appellants-
Appellees, Lawrence Ford,
John Koontz, Don Davis,
Phillip Koszarek, William
Robert Gage, Jr., and
Rebecca S. Gage.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

---

[6]    CAAP-25-0000004 dkts. 70 and 76; CAAP-25-0000005 dkt. 93.

[7]    CAAP-25-0000004 dkt. 78; CAAP-25-0000005 dkt. 100.